Thompson *v.* Bowers.

---

## THOMPSON *v.* BOWERS.

A notice of special matters to be given in evidence must contain all the substantial requisites necessary to constitute a special plea which would be good on general demurrer.

To a decleration in slander, alledging that the defendant charged the plaintiff with having sworn falsely, the defendant plead the general issue, and gave notice that he would prove on the trial " that the plaintiff was guilty of the facts charged upon and imputed to him by the defendant, in the several conversations in the declaration mentioned, and that, if the words were uttered and published as charged in the declaration, the defendant had good reason for uttering and publishing, and did it from good motives and for justifiable ends." *Held,* that this notice was fatally defective; especially in omitting any averment that the plaintiff *wilfully* and *deliberately* swore falsely; and that the defendant could not, upon the trial, introduce any evidence under it.

In an action for slander, evidence of the truth, or tending to prove the truth of the slanderous words, is inadmissible under the general issue in mitigation of damages.

So, also, evidence that the specific facts in which the slander consisted, were communicated to the defendant by third persons.

In an action for slander, the plaintiff, after having proved the words alledged, may give in evidence other slanderous words of like import, with a view to show the malice of the defendant.*

ERROR to Oakland Circuit Court. This was an action on the case for slander. Bowers was the plaintiff, and Thompson the defendant in the Court below. The declaration alledged that Thompson uttered and published that Bowers swore falsely in giving his testimony on the trial of a cause between Thompson and one Ellis, at the May term, 1838, of the Oakland Circuit Court. Thompson plead the general issue, and also gave notice that he would give in evidence in defence, on the trial of the cause, "that at and before the time of the uttering and publishing as complained of in said plaintiff's declaration, the said plaintiff had been and was guilty of the facts charged upon and imputed to him by the said defendant, in the said several conversations in the said plaintiff's declaration mentioned; and that if the words were uttered and published, as charged in the said plaintiff's declaration, the defendant had good reason for uttering and publishing, and did it from good motives, and for justifiable ends."

On the trial of the cause before the Hon. Chas. W. Whipple, Presiding Judge, at the September term, 1842, Bowers having proved the words charged in the declaration, Thompson offered to prove the truth of the words spoken; to which the counsel for the plaintiff below objected, on the ground that the notice was insufficient;— that the facts therein alledged were not set forth with sufficient certainty;—and that it should have averred, not only that the defendant swore falsely, but that he did so

* Vide *Taylor* v. *Kneeland,* ante. p. 67.

wilfully and corruptly.   The court sustained the objection, and rejected the evidence.

Thompson also offered to prove that the testimony of Bowers, on the trial of the cause mentioned in the declaration, was false; and further, that at and before the time of uttering and publishing the slanderous words alledged, he had been informed by Peter Lambert and others of his neighbors, of certain facts which might have tended to induce the belief in his mind that Bowers had sworn falsely.   This evidence was also objected to by the plaintiff below and rejected by the court.

Bowers then offered to prove by one Ellis, that in the spring of 1838, Thompson said to the witness that "Bowers swore false down at Barrett's"—words not alledged in the declaration to have been uttered and published.   This evidence was objected to by the defendant below, but the Court overruled the objection and admitted the evidence.

To these several decisions of the Court admitting or rejecting evidence, the  counsel for the defendant below excepted, and, a verdict having been found for the plaintiff below, tendered a bill of exceptions, and removed the cause to this Court by writ of error.

*O. D. Richardson,* for the plaintiff in error.

*Draper & Wisner,* for the defendants in error.

RANSOM, C. J. delivered the opinion of the Court.

We have no doubt that the testimony sought to be introduced under the notice, was properly rejected.   The notice is clearly defective.   Although, in a notice of special matter, appended to a plea of the general issue, technical formality may be dispensed with, still, all substantial facts necessary to constitute a good special plea must be averred.

The statute, (S. L. of 1839, p. 225,) authorizes a de-

fendant to plead the general issue, and give notice with such plea of any matters which, if pleaded, would be a bar to the action, and give such matters in evidence on the trial, in the same manner as if the same had been pleaded. It has been often held, that the true way to test the sufficiency of a notice is, to inquire whether the matters in it, if pleaded, would be good on general demurrer. In *Shepard* v. *Merrill*, 13 J. R. 475, Justice *Spencer* says, "a notice need not partake of the form and strict technicality of a special plea, but it must contain the *substance* of a plea." In *Mitchell* v. *Borden*, 8 Wend. R. 572, this precise question was before the Court. The notice in that case was more full and formal than the one we are now considering, but was held to be bad; and the Court, in deciding the case, say: "If the matter contained in the notice had been put in the form of a plea, it would, most obviously, have been bad on general demurrer: it simply alleges that the facts sworn to by the plaintiff below were not true, but contains no allegation or intimation that such falsehood was wilful or corrupt; for aught that is disclosed or averred in the notice, it may have been an unintentional and innocent mistake on the part of the plaintiff." If these cases are correctly decided, (and of this we have no doubt,) they clearly establish that the notice in this case is insufficient. It can scarcely be said to contain any substantial requisite of a good special plea; and it is especially defective in the very particular in which the notice was adjudged ill in *Mitchell* v. *Borden*. This notice contains no averment that the plaintiff below swore falsely, wilfully and corruptly.

2. The testimony adduced by the plaintiff, under the general issue, and rejected by the Court below, was offered for the avowed purpose of rebutting any presumption of malice that might have been raised by the defendant at the trial, and thus mitigating the damages. It was ob-

jected to by the defendant, on the ground that it tended to prove a justification.

It seems to have been formerly holden, that such evidence was admissible under the general issue.   A contrary rule, however, has long prevailed.   In Starkie on Slander, 241, it is said: "The rule of law upon this head has long been settled, that the defendant, if he mean to rely on the truth of that which he has published, either in bar of the action, or in *mitigation of damages*, must plead it specially."   *Underwood* v. *Parks*, 2 Strange 1200, is the leading English case upon this question.   There, in an action for words, the defendant pleaded not guilty, and offered to prove the words to be true, in mitigation of damages; but the judge refused to permit it, saying, that at a meeting of all the judges, in a case that arose in the Common Pleas, a large majority of them had determined not to allow it for the future, but that it should be pleaded, whereby the plaintiff might be prepared to defend himself, as well as to prove the speaking of the words: that this was now a general rule among them all, from which no judge would think himself at liberty to depart, and that it extended to all sorts of words, and not barely to such as imported a charge of felony.   The rule established in this case seems to have since predominated, both in England and this country, and to have settled beyond controversy, that the *truth* of the words spoken cannot be given in evidence under the general issue, either in justification, or in mitigation of damages.   But what facts and circumstances may be given in evidence under such plea, has been, by no means, so clearly determined.   The English courts, in cases where no justification is pleaded, appear to have held, that, in actions for words, the defendant might, in mitigation of damages, give any evidence short of such as would be a complete defence to the action had a justification been pleaded.   Starkie on Slander, 406.

But they manifestly confine the rule to cases where no attempt is made to justify. *Snowden* v. *Smith*, 1 M. & S. 286; *Leicester* v. *Walter*, 2 Campb. 251. In *Shepard* v. *Merill*, before cited, Justice *Spencer* holds this language: "No principle is better established, than that the truth of slanderous words cannot be given in evidence under the general issue, either as a defence, or in mitigation of damages." *Matson* v. *Buck*, 5 Cow. R. 499, was an action for charging the plaintiff, who was superintendent and collector of the Erie canal, with peculation from the state. The plea was the general issue, with notice of justification. Failing to make out this on the trial, the defendant proposed to show that the plaintiff's general reputation was bad, and that it was generally reported and believed in the neighborhood that he had, in several instances, defrauded the state. This evidence, being objected to, was rejected by the circuit judge, and a motion for a new trial, founded upon this ruling, was denied by the Supreme Court. In the case of *Root* v. *King*, 7 Cow. R. 613, this question is elaborately considered, and the leading cases bearing upon it carefully reviewed. Chief Justice *Savage*, reiterating the doctrine declared in *Matson* v. *Buck*, says that the defendant in such actions, if he has not attempted to justify the charge, may prove under the general issue, by way of excuse, any thing short of a justification, which does not necessarily imply the truth of the charge, or tend to prove it true, but which repels the presumption of malice. In *Warner* v. *Price*, 3 Wend. R. 397, Justice *Marcy* reaffirms the principle of the last case, and adds, that particular facts, which might form links in the chain of circumstantial evidence against the plaintiff, cannot be received under the general issue, in mitigation of damages. Starkie on Slander, 410, is to the same effect. Again, in *Mapes* v. *Weeks*, 4 Wend. R. 662, Chief Justice *Savage* remarks, that where a defendant in slan-

der does not pretend to justify, he may mitigate the dama-
ges in two ways: 1. He may show that the plaintiff's
general character is bad; 2. He may show circumstances
which tend to disprove malice, but do not tend to prove
the truth of the charge.   In *Gilman* v. *Lowell*, 8 Wend.
R. 573, the same judge again thoroughly sifts the doctrine
upon this subject, and in concluding his opinion, says:
" The more I have considered this subject, the more am I
convinced that the Supreme Court of Massachusetts and
this Court have proceeded upon the only correct rule, in
excluding under the general issue all mitigating circum-
stances, which have a tendency to prove, what connot be
proved under such a plea, the truth of the words." *Pur-
ple* v. *Horton*, 13 Wend. R. 25; *Wolcott* v. *Hall*, 6 Mass.
R. 518; *Alderman* v. *French*, 1 Pick. R. 1; *Bodwell* v.
*Swan*, 3 Pick. R. 377, and *Bailey* v. *Hyde*, 3 Conn. R. 463,
are strong cases to the same point.

That the evidence offered by the plaintiff in mitigation,
to show that the specific facts, in which the slander con-
sisted, had been communicated to him by other persons,
was correctly excluded, is most satisfactorily shown by
*Mills* v. *Spencer*, Holt's N. P. Cases, 533; *Lewis* v. *Niles*,
1 Root's R. 346; 2 Stark. Ev. 469; *Jackson* v. *Stetson*, 15
Mass. R. 57.

Although the general rule deducible from these and
other kindred cases, has been recognized and admitted,
yet it has been much modified in its application to indi-
vidual cases.   And, although, as before stated, courts have
differed in opinion as to what facts and circumstances may
be given in evidence to mitigate the damages, the truth of
the charge, or facts which tend to prove its truth, or parti-
cular instances of criminality, are inadmissible for that
purpose.

Under the application of this rule, the testimony offered

by the plaintiff, on the trial, was clearly incompetent, and therefore correctly rejected by the Circuit Court.

3. Again, it is insisted that the Court below erred in permitting the defendant, Bowers, to prove that the plaintiff said of him that he had sworn falsely down at Barrett's ; there being no such charge in the declaration.

The decisions on this point, too, have been somewhat variant and contradictory. In *Bodwell* v. *Swan*, 3 Pick. R. 378, *Parker*, C. J. says, " it is a difficult question." In *Mead* v. *Daubigny*, Peake's Cases, 125, the declaration stated conversations with one particular person, and evidence was offered of words spoken to another person. Lord *Kenyon* admitted the evidence to show the state of the defendant's mind, and malice towards the plaintiff, saying, " in actions for words, he had always understood the plaintiff might give evidence of any words used by the defendant, to show the spirit and temper by which he was actuated ;" but added that he was clearly of opinion that evidence of words actionable in themselves was not admissible. In the case of *Lee* v. *Huson*, tried in the year following, the same judge decided, on similar evidence being offered, that, in actions for words, it was the practice to admit the evidence of other words besides those charged in the declaration, though they contained matter which was ground of another action. Lord *Ellenborough* held, that any words might be given in evidence, as well as any act of the defendant, to show *quo animo* he spoke the words which are the subject of the action. 1 Camp. R. 49. In *Wallace* v. *Mease*, 3 Binn. R. 550, this question was very fully discussed, and Chief Justice *Tilghman* expressed strong doubts of the propriety of such evidence, but said he must assume it as a principle that subsequent words may be given in evidence ; and that he could see no reason for a distinction between words actionable and not actionable, or between words spoken before suit brought,

Thompson *v.* Bowers.

and words spoken after.   The case of *Kean* v. *McLaugh-lin*, 2 Serg. & R. 470, fully sustains the doctrine of *Wallace* v. *Mease*.   *Duvall* v. *Griffith*, 2 Har. & Gill. 30, is also a strong case upon this point.   The plaintiff, among other slanders declared for, charged the defendant with speaking of the plaintiff the following words :   "He is a sheep stealer,"—"he stole Plummer's sheep"—and that he "could prove he stole Plummer's and P. D. Ridgeley's sheep."   The plea was *not guilty*.   At the trial, the plaintiff proved the words laid in the declaration, and also offered to prove that the defendant had said, *prior* to bringing the suit, that the plaintiff had stolen two of P. D. Ridgeley's fat lambs.   The defendant objected to the evidence so offered, but the court were of opinion that it was competent evidence, and permitted it to go to the jury.   The defendant excepted.   On argument of the case in the Court of Appeals, the decision of the court below was affirmed.   *Buchanan*, C. J. in delivering the opinion, decided that the testimony objected to by the defendant was admissible for the purpose of showing the malice of the defendant, in speaking the words laid in the declaration.

The principle to be extracted from the current of the cases, seems to be, that in an action for slander, the plaintiff, after having proved the words alledged in the declaration, may give in evidence the uttering by the defendant of other slanderous words, of similar import to those charged, with a view to show the malice of the defendant. The decision of the court below falls within the principle stated, and was not, therefore, erroneous.

Upon the whole, we are of opinion that there is no error in the record and proceedings of the Circuit Court, and the judgment must, therefore, be affirmed with damages and costs.

Goodwin, J. did not participate in the decision.

*Judgment affirmed.*