May Term,
1857.

THE JUNC-
TION RAIL-
ROAD CO.
v.
HARRIS.

---

THE JUNCTION RAILROAD COMPANY *v.* HARRIS and Wife.

If land be conveyed to a *feme covert*, the husband is seized of an estate therein for their joint lives.

And if the wife, though a minor, join in a conveyance of the land in fee, the deed is effectual to pass the husband's estate; and the right to possession and profits will be in the vendee.

Chapter 6 of the acts of 1847 does not impair the husband's rights in real estate of the wife: it simply protects it from sale on execution for his debts: such is its literal import, and its operation should not be enlarged by construction.

It was not in the power of the legislature to deprive the husband—for the purposes contemplated by the act of 1852 (1 R. S. c. 52)—of his right to such life estate, nor of his right to convey it.

APPEAL from the *Madison* Circuit Court.

PERKINS, J.—In *February*, 1853, a tract of land was conveyed to *Ellen*, then the wife of *Jesse Harris*. In *October*, 1853, said *Jesse* and *Ellen*, by a deed with full covenants of warranty, conveyed the land to the *Junction Railroad Company*, and received pay for it. *Ellen* was then between nineteen and twenty years of age, and the conveyance was made by the consent and with the approbation of her father, and duly acknowledged.

This suit is now brought by said *Jesse* and *Ellen*, to recover back the land, on the ground of the minority of *Ellen* at the time of its conveyance to the railroad company.

Prior to 1847, a case like the present would have been without difficulty. *Butterfield* v. *Beall*, 3 Ind. R. 203, involved precisely the same principle. In that case the Court said:

"Upon the marriage of *Caroline Johnson* with *Abel Butterfield*, said *Butterfield* became possessed of an estate for

their joint lives in her real property. That estate the husband could convey; (2 Kent, 133;) and an attempt by him to convey the fee simple would not render void his conveyance as to the interest he did possess. R. S. 1843, p. 417, s. 23.—*Id.* p. 425, s. 64.—4 Kent, 83. If, then, *Butterfield* made a conveyance of the land in question, binding upon him, to *Beall*, in *March*, 1846, as he and his wife are still living, the right of possession of the land is in *Beall*, and the mesne profits of it belong to him."

So, in the present case, the right to possession and profits would be in the railroad company, till the termination of the husband's life estate, and the suit would be prematurely brought. But in 1847, the legislature enacted the following law:

"That no real estate whereof any married woman was or may be seized or otherwise entitled to at the time of her marriage, or which she has or may fairly acquire during her coverture, or any interest therein, shall be liable for the debts of her husband, but the same, and all interest therein, and all rents and profits arising therefrom, shall be deemed and taken to be her separate property, free and clear from any and all claims of the creditors or legal representatives of her husband, as fully as if she had never been married: *Provided*, That this law shall not be so construed as to apply to debts contracted by such married woman before such marriage, but in all such cases her said property shall be first liable therefor." Acts of 1847, p. 45.

This statute, in terms, in no manner impairs the husband's rights in the real estate of his wife. It simply protects it from sale on execution for his debts. This is its literal import; and we think its operation should not be enlarged by construction. See 2 Kernan, 425.

In *October*, 1853, then, when the conveyance of the land was made to the railroad company, the husband had a life estate, such as is above described, in the real estate in question, which he could convey; and according to the case of *Butterfield* v. *Beall*, *supra*, the deed executed by him and his wife was operative to convey that estate,

unless the R. S. 1852, which were in force when that deed was made, prevented. 1 R. S. p. 321, ss. 5, 6.

But we hold that it was not in the power of the legislature to deprive the husband, for the purposes contemplated by the act of 1852, of his right to that life estate, nor his right to convey it. *Westervelt* v. *Gregg*, 2 Kernan, 202. See *Noel* v. *Ewing*, at the present term of this Court (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded to be dismissed.

STUART, J., was absent.

*W. March*, for the appellants (2).

(1) *Ante*, 37.

(2) Counsel for the appellants cited authorities to the following points:

1. *Harris* had a life estate in the land; was entitled to possession and profits; could and did make a valid conveyance to the appellants, with the usual covenants of warranty; and the appellees had no present possessory interest in the land upon which to base an action. 6 Bing. 689.—*Butterfield* v. *Beall*, 3 Ind. R. 203.—2 Kent, 131.

2. The act of 1847 is in derogation of the common law, and must be strictly construed. 1 Kent, 514.—24 Wend. 45.