The plaintiff, who is a married woman, took a lease, under seal, of the premises sought to be recovered in this action, dated September 15th, 1851, for the term of one year and five months, at the annual rent of forty-five dollars, to be paid quarterly to William D. Murphy, her landlord, who owned the premises. The defendant put her out of possession on the 20th of February, 1852. The lease was executed by the landlord, but not by the plaintiff, and was delivered by him to the plaintiff's husband. On this state of facts the judge of the City Court of Brooklyn dismissed the complaint on the ground that a contract of lease could not be made with a married woman, so as to give her a right to sue alone, without joining her husband. This decision was affirmed in the Supreme Court, and the plaintiff appealed to this court.
By the act of 1849 (p. 528), "any married female may take, by inheritance, or by gift, grant, devise or bequest, from *Page 73 
any person other than her husband, and hold to her sole and separate use, and convey and devise, real and personal property, and any interest or estate therein, and the rents, issues and profits thereof, in the same manner and with the like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband, nor be liable for his debts." A lease for years is a chattel real, and is an interest in lands, within the act above cited, which a married woman may take and hold, the same as if she were unmarried. It is unnecessary to determine, in this action, whether a covenant to pay rent would be binding on her separate estate. She has made no such covenant in this lease, and if she had, the defendant, as a wrong-doer, has no right to raise the question. She was in the lawful possession of the premises by a grant which she had capacity to take, and can maintain an action to recover back that possession.
But it is claimed that the husband should have been joined as co-plaintiff. The Code (§ 114) provides that "when a married woman is a party her husband must be joined with her, except that when the action concerns her separate property she may sue alone." That exception embraces this case, as she sues for her separate property. This section of the Code was enacted in 1851, prior to the commencement of this action in February, 1852.
The judgments of the courts below should be reversed and new trial ordered.