### EDWARD VINCENT *v.* WILLIAM BUHLER.

A lease executed by a married woman, containing covenants on her part to pay the rent, and expressing no intention to charge her separate estate therefor, is absolutely void, and constitutes no bar to an action against the husband for use and occupation.

APPEAL by the defendant from a judgment at Trial Term.

The plaintiff sued for the use and occupation of certain premises in the City of New York. The defendant answered that during the time for which he was sued to recover the use and occupation, the premises were occupied by one Carolina Buhler, under a written lease to her from the plaintiff. It was admitted that Carolina Buhler was the wife of the defendant.

The Court rendered judgment for the plaintiff, and gave the following reasons therefor:

HILTON, J.—In deciding this case, I have regarded the lease to the defendant's wife as absolutely void. It was made upon

Vincent v. Buhler.

her covenant to pay rent, and as she was incapable, in law, of entering into such a contract, the demise had no consideration to support it. Woodfall's Landlord and Tenant, 137 ; *Darby* v. *Callagan*, 16 N. Y., 71.

In the last case, the Court of Appeals held the demise to plaintiff (a married woman,) valid, because it was not made upon her covenant to pay rent, she not having executed the lease.

This was not so here; on the contrary, defendant's wife signed the lease and thus entered into a contract which could not be enforced against her.

The defendant then appealed to the General Term.

*John Moody*, for appellant.

I. The action for use and occupation will not lie where there is an outstanding subsisting lease, unless against an occupier who went in under a new and distinct agreement with the landlord. *Glover* v. *Wilson*, 2 Barb. 264 ; *Smith* v. *Stewart*, 6 Johns. 46 ; *Bancroft* v. *Wardwell*, 13 *Id*. 489.

II. Carolina Buhler being the tenant of the plaintiff, in respect to said premises for a term, the defendant occupied said premises, it is to be presumed, by permission of Carolina Buhler ; and the defendant's relation, as regards said premises, and in relation to the plaintiff and Carolina Buhler, was that of under-tenant, and the lessor cannot recover rent from the under-tenant in this action. *Bancroft* v. *Wardwell*, 13 Johns. 489 ; *McFarlan* v. *Watson*, 3 N. Y. 286.

III. A married woman is not incompetent to take a lease. (Taylor's Landlord and Tenant, § 105. *Darby* v. *Callaghan*, 16 N. Y. 71).

*McCunn, Swartwout & Fine*, for respondent.

I. The lease from the plaintiffs to Carolina Buhler was absolutely void, because made dependant upon her covenant to pay rent. The statutes of 1848 and 1849 have not enlarged the capacity of married women to make contracts, nor increased their liability. They could make, under those statutes, no contracts which they could not make before. *Cheeseborough* v. *House*, 5 Duer, 125 ; *Darby* v. *Callahan*, 16 N. Y. 71 ; *Coon* v. *Brook*, 21 Barb. 546.

Vincent v. Buhler.

II. A married woman cannot bind herself personally by any executory contract, even in regard to her separate property, and no action at law can be maintained against her on such contract. *Beard* v. *Webb*, 2 Bos. & Pull. 93 ; *Marshall* v. *Rutton*, 8 T. R. 545 ; *Van Der Heyden* v. *Mallory*, 1 N. Y. 462 ; *Noyes* v. *Blakeman*, 16 N. Y. 567.

III. There being no evidence of any intention to charge the separate estate of the wife (if she had any, which is not shown), the law allows an action to be maintained against the husband. *Arnold* v. *Ringgold*, 16 How. Pr. 158.

By THE COURT.—BRADY, J.—The lease executed by Mrs. Buhler contained covenants on her part to pay the rent, and her estate was dependant upon those covenants. They could not be enforced against her, and the contract was void for want of mutuality of obligation. A married woman cannot make a contract except in reference to her separate estate, and the intention to charge the separate estate must be expressed in the contract, if in writing. *Yale* v. *Dederer*, 22 N. Y. Rep. 450.

In this case there is no proof of any separate estate owned by the defendant's wife. A married woman cannot be a lessee, for her free will is so suspended during coverture that she may plead *non est factum* to an action on any covenant contained in the case. For use and occupation her baron will be liable (Woodfall's Land and Ten. 137). She may, under the acts of 1848 and 1849, take a lease which imposes no obligation by covenant to pay rent, thus leaving the chattel real uncontrolled by, and not dependant upon, covenants. *Darby* v. *Callaghan*, 16 N. Y. Rep. 71. And under the provisions of the act of 1860 (Session Laws, p. 157), a married woman may be bound by her contract in reference to her sole or separate business, the husband being relieved from any liability upon such obligations. But in this case, the occupancy of the premises by the defendant, and his payment of the rent sometimes, which was to be paid by the covenants in the lease, amount to recognition or ratification of the contract to pay, and at all events, create an implied obligation to pay for such use and occupation.

Judgment should be affirmed.