Fox v. Duff.

---

### MARY FOX *v.* HENRY DUFF.

A married woman who hires premises in her own name has an interest therein within the meaning of Laws of 1849, chap. 375, p. 528, and may maintain an action for a trespass thereon in her own name.

APPEAL by the defendant from a judgment of the Fifth District Court.

The defendant was the owner of certain premises in Mott street, in this city, which he had rented to the plaintiff, and received the rent for up to the 1st of May, 1861. On the 1st day of May, 1861, and while the plaintiff was absent, the defendant broke the door open with an axe, took out the windows, and removed the furniture of the plaintiff from the premises, and threatened to injure the plaintiff.

The plaintiff brought action for the trespass committed.

It appeared on the trial that the plaintiff was a married woman; that her husband went to California before she hired the premises in question, and that the rent therefor was paid by her out of her own earnings.

The defendant's counsel moved to dismiss the complaint, on the grounds that the plaintiff, being a married woman, could not maintain the action, and that it should have been brought by her husband.

The motion was denied, and the Justice rendered judgment for the plaintiff for seventy-five dollars damages besides costs.

*Robert W. Andrews,* for appellant.

*John Anderson, Jr.,* for respondent.

BY THE COURT.—HILTON, J.—The plaintiff, although a married woman, could acquire and hold an interest in lands the same as if she were unmarried (see Laws 1849, p. 528). She acquired such an interest by virtue of the letting to her by the defendant of the premises in question, in consideration of pay-

ing to him the rent therefor in advance, and her possession could not be lawfully disturbed until the expiration of her term. The defendant by entering upon the premises in the manner described by the evidence, and threatening her with personal violence, committed a malicious trespass, which we think fully warranted the Justice in punishing him to the extent of the damages awarded.

The action was also properly brought in her own name, without giving her husband as a party plaintiff, as it concerned her separate property, and in respect to which she was competent to sue or be sued alone. *Darby* v. *Callaghan*, 16 N. Y. Rep. 71; Code, § 114, sub. 1; Laws 1860, p. 158, § 7; *Vincent* v. *Buhler*, Com. Pleas, Gen. T. Aug. 1861.*

Judgment affirmed.