## ALEXANDER A. EUSTAPHIEVE, PLAINTIFF, v. MARY W. KETCHUM AND GEORGE B. KETCHUM, DEFENDANTS.

*Married woman — liability of, on lease executed by herself and husband.*

A married woman is not liable upon a lease, executed by herself and husband, of a house used as a home for the family, unless she expressly makes the obligation thereof a charge upon her separate estate.

MOTION for judgment in an action tried at the Erie county Circuit, in which a verdict was ordered for the plaintiff, subject to the opinion of the court at General Term.

The action was brought to recover rent for a dwelling-house in the city of Buffalo, rented to the defendants by a lease, executed to and by both the defendants, for the term of three years and seven months.

The defendants answered separately, and the defendant Mary W. Ketchum set up that she was at the time of the execution of said lease, and ever since, a married woman and the wife of the said George W. Ketchum, and lived with her said husband, and did not have or carry on any separate business whatever, separate and apart from her said husband, and that she signed said lease at his request and for his benefit, and without any consideration or benefit to herself.

*P. G. Parker*, for the plaintiff. The defendant Mary W. Ketchum is liable for the payment of the rent reserved for the use of the premises leased to her, and her coverture is not a defense. (*Westervelt* v. *Ackley*, 4 N. Y. S. C. [T. & C.], 444, and cases there cited.) The only difference between this case and the reported decision is, that here the husband joins the wife in the lease. Certainly husband and wife may be joint purchasers and grantees of real estate in fee and joint lessees for a term of years. They take by entireties. Neither can convey without the other; and the survivor takes the whole. (Willard on Real Estate, 180; *Goelet* v. *Goer*, 31 Barb., 314; *Freeman* v. *Freeman*, 51 id., 306; *Farmers and Mechanics' Bank of Rochester* v. *Gregory*, 49 id., 155.)

*J. M. Humphrey*, for the defendants. The defendant Mary W. Ketchum is not liable upon this lease. The liability of married women upon contract is limited: First, to contracts made in carrying on a trade or business of their own; second, to contracts relating to or made for the benefit of their separate estate; third, where the intention to charge their separate estate is expressed in the contract. (*The Manhattan Brass and Manufacturing Co.* v. *Thompson*, 58 N. Y., and cases cited.) She took no separate estate under this lease. (*The Albany Fire Insurance Co.* v. *Bay*, 4 N. Y., 9; 31 Barb., 314, and 5 N. Y. Sup., 568.)

*Per Curiam :*

At the close of the evidence at the trial, the defendants' counsel asked the court to direct a verdict in favor of the defendant Mary

W. Ketchum, because she was a married woman, and the contract was not a charge upon her estate, nor made for the benefit of her estate, nor made in her business, and she was not liable upon said lease. The Circuit judge denied said motion, and granted the motion of the plaintiff's counsel to direct a verdict for the plaintiff for the amount claimed against both defendants. To which decisions the defendants' counsel duly excepted. These exceptions present the chief point for our consideration.

At common law the personal contracts of a married woman were absolutely void. This disability to make a valid contract still remains, except as it is taken away by the recent statutes of this State relating to married women. These statutes allow and enable a married woman to take lands and other property, by descent, gift, grant or devise, and hold the same to her own use and benefit, separate and independently from her husband, as if she were unmarried ; and, also, to carry on a separate trade or business on her own account, separate from her husband, and to make contracts in respect to such property and business as if she were a *feme sole*. The disability to make contracts, taken away by these statutes, simply applies or extends to these two classes of contracts which relate to her separate property or business. Except in respect to contracts thus made for herself, and for her own benefit, her naked personal contracts, made alone or with her husband, are still absolutely void. Her separate property cannot be reached or bound by any other contracts, except by way of appointment or charge, expressed in the contract, as in equity before the enactment of those statutes. This is the settled law in this State since the decisions of *Yale* v. *Dederer* (22 N. Y., 450), and the *Corn Exchange Bank* v. *Babcock* (42 N. Y., 615). The law, as settled in these cases, applies, I think, to and determines this case. The covenants in the lease do not bind Mrs. Ketchum. They are, as respects her, void. They are the covenants of the husband, and only binding upon him. This was held in the case of *Goelet* v. *Gori* (31 Barb., 314), which is a very well considered case, and quite in point. The action in that case was upon a lease executed, as in this action, by both husband and wife.

In *Vincent* v. *Buhler* (1 Daly, 166), it was held that, in a lease to the wife, she was not bound by the covenants to pay rent; and

reference was had to Taylor on Landlord and Tenant (§ 105), and to *Darby* v. *Callaghan* (16 N. Y., 71).

These cases arose before the acts of 1860 and 1862, enlarging the powers of married women, and enabling them to carry on a separate trade and business. These acts, doubtless, do enable a married women to make any contract which relates or pertains to her separate business, as incident, necessarily, to the power to purchase property for and conduct such business.

Since the passage of these acts of 1860 and 1862, a married woman may, doubtless, take a lease to herself, and the same will be valid if taken in her separate business, or to enable her to carry on a separate trade or business; and she will now, doubtless, be liable to pay the rent, and perform the covenants of the lease, as if she were unmarried. (*Draper* v. *Stouvenel*, 35 N. Y., 512; *Westervelt* v. *Ackley*, 4 N. Y. S. C., 444; *Prevot* v. *Lawrence*, 51 N. Y., 219.)

In contracts relating to her personal estate, or made for the benefit of such estate, or created in or about carrying on any separate trade or business, the wife may bind herself, personally, by contract, as if she were unmarried. (*Manhattan Co.* v. *Thompson*, 58 N. Y., 82.)

The lease in this case was not taken or executed, to enable Mrs. Ketchum to carry on any separate trade or business. It was not made for the benefit of, and did not relate to her separate estate. It was taken by her husband to enable him to provide a home for his family, for which he was bound to provide. Mrs. Ketchum could only be made liable upon it by an express charge, embraced in the lease, upon her separate estate, within the rule asserted in *Yale* v. *Dederer* (*supra*), that the intention to charge the separate estate must be stated in the contract itself, or the consideration must be one going to the direct benefit of the estate. Mrs. Ketchum was, at most, a mere surety for her husband, and not bound by the contract.

The defense of the defendant George B. Ketchum was, that the premises became untenantable and unfit for use, after he took possession, by reason of the careless, negligent and improper construction, decay and imperfection of the water and sewer pipes, and drains and sewers; and that he abandoned the same for that reason, and that the plaintiff assented to such abandonment.

Some considerable evidence was given tending to establish this defense, sufficient, I am inclined to think, to require that it be submitted to the jury, as requested by the defendant's counsel; but, as there must be a new trial for the error of the Circuit judge, in directing a verdict against Mrs. Ketchum, we will not pass definitely upon that question.

A new trial must be granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

New trial granted, with costs to abide event.