CATHERINE M. WOOD, Respondent, *v.* GEORGE C. WOOD, Impleaded, etc., Appellant.

In 1844 certain premises were conveyed to plaintiff, a married woman, for life, as and for her own separate estate, free from the control of her husband, her husband covenanting for a consideration expressed that she should hold the premises to her own separate and sole use, free from any claim or interference from him. In an action to recover possession of the premises, brought against the husband and his tenant, *held,* that under the law as it existed when the deed was executed, plaintiff could, in equity, enjoy the property separate from her husband; that a trustee was not required to be named in the instrument, as in case of such omission the law created the husband a trustee for the wife; that the effect of the acts in relation to married women (chap. 200, Laws of 1848 ; chap. 375, Laws of 1849 ; chap. 90, Laws of 1860 ; chap. 172, Laws

of 1862) was to change her equitable right to hold a separate estate into a legal estate, to give her the right of control and management the same as if she were a *feme sole ;* that there was no occasion for her to resort to the Supreme Court, under the act of 1849 (§ 2), for the resignation and surrender of the trustee and a conveyance to her; and that as, by the said acts, she was given the power to sue and be sued, she could maintain the action.

Also, *held,* that as it appeared that the husband had not acquired possession by the consent of the plaintiff, he was not entitled to notice to quit.

Also, *held,* that the fact that the defendant had put valuable improvements upon the land was no defense to the action.

*It seems* that one who has put improvements upon the lands of another is at the best only allowed to thereby mitigate the damages by offsetting them to the extent of the rents and profits claimed. To do this he must be a *bona fide* occupant; he cannot be allowed them if he has acted with knowledge of the owner's right.

(Argued December 22, 1880; decided January 25, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made July 18, 1879, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 18 Hun, 350.)

This was an action to recover possession of certain premises, situate in the county of Suffolk, in possession of defendant Velsor as tenant of defendant Wood. The defendant claimed title and right of possession in defendant Wood as husband of plaintiff.

The facts are sufficiently set forth in the opinion.

*J. J. Perry* for appellant. This action cannot be sustained by the wife against her husband. (*Darby* v. *Callaghan,* 16 N. Y. 71.) A deed is to be construed so as to carry into effect the intention of the parties, which is to be ascertained from the whole deed. (6 Johns. 53; 1 Wend. 388; *L. I. R. R. Co.* v. *Conklin,* 32 Barb. 381 ; *Seman* v. *Austin,* 33 id. 9.) The deed only gives a life estate to the plaintiff, which at the date of the same vested the right of possession in the husband. (2 Kent's Commentaries, p. 115, § 134.) An annuity given in trust to a married woman for life, " to pay the same to her and

her assigns," will not exclude the husband's rights.   (2 Story's Equity, §§ 1380–1383, p. 819.)   In 1844, the date of the deed, the husband, under the law as it then existed, had the undoubted right of possession, and no act of the legislature since passed can deprive him of his rights then vested.   (*Ryder* v. *Hulse*, 33 Barb. 264; *Thurber* v. *Townsend*, 22 N. Y. 517; *Snyder* v. *Snyder*, 3 Barb. 621; *Perkins* v. *Cotrell*, 15 id. 446; *Smith* v. *Colin*, 17 id. 157; *Watson* v. *Barney*, 2 Sandf. 405; *Hurd* v. *Cass*, 9 Barb. 336; *Clark* v. *Clark*, 24 id. 531; Story's Equity Jurisprudence; *White* v. *Wager*, 25 N. Y. 330; *Chambers* v. *Hanelly*, 3 J. J. Marsh, 98; *Jackson* v. *Seck*, 19 Wend. 339; *Gregg* v. *Hesson*, 1 Black, 150; Wait's Actions and Defenses, 77, 78; *In the Matter of Winne*, 1 Lans. 508; *Zimmerman* v. *Schœnfels*, 3 Hun, 692; *Hatfield* v. *Sneden*, 54 N. Y. 280; *Wilson* v. *Arenty*, 70 N. C. 670.)   Under the evidence defendant is a tenant and entitled to a notice before the action.   (3 Wait's Actions and Defenses, 47; *Dean* v. *Drake*, 2 Green, 523; *Russell* v. *Fabyan*, 34 N. H. 23; 3 Wait's Actions and Defenses, 49; *Chamberlain* v. *Pratt*, 33 N. Y. 47; *Williams* v. *Potter*, 2 Barb. 316; *Mayor, etc., of N. Y.* v. *Campbell*, 18 Barb. 156; *Wood* v. *Salmon*, 4 Wend. 327; *Doe* v. *Stennett*, 2 Esp. 717; *Doe* v. *Watts*, 7 T. R. 83; *Doe* v. *Browne*, 8 East, 166; *Phillips* v. *Covert*, 7 Johns. 4; *Jackson* v. *Salmon*, 4 Wend. 327; *Bradley* v. *Cowl*, 4 Cow. 347; Adams on Ejectment, 145, note.)   Any facts which the defendant can show which go to disprove the plaintiff's right, or the unlawful entry or unjust withholding of the defendant, constitute a legal defense.   (3 Wait's Actions and Defenses, 95; *Stow* v. *Russell*, 36 Ill. 18; *Requa* v. *Holmes*, 26 N. Y. 338; *Corkhill* v. *Landers*, 44 Barb. 218; *Thompson* v. *Egbert*, 1 Hun, 484; *Parder* v. *Lindley*, 31 Ill. 174; *Connor* v. *Michels*, id. 148; *Smith* v. *Miller*, id. 157; *Woodhull* v. *Rosenthal*, 61 N. Y. 382; *Cropsey* v. *McKinney*, 30 Barb. 47; 54 Me. 445; 18 Ala. 229; 1 Cold. [Tenn.] 404.)   Upon marriage the husband becomes entitled to a freehold in his own right in the real estate of his wife.   (*Clarke's Appeal*, 79 Penn. St. 376; *Van Note* v. *Downey*, 4 Dutch. [N. J.] 219; 45 Ala. 370;

36 id. 80 ; 21 Ga. 161 ; *Porch* v. *Fries*, 3 Green [N. J.], 204 ;
*Gray* v. *Mathis*, 7 Jones' Law [N. C.], 502 ; *Prall* v. *Smith*,
2 Broom [N. J.], 244.) In equity, where there are no trus-
tees appointed, the husband will be considered as trustee of his
wife. (Reeves' Dom. Rel. 258 [3d ed.]; *Hawkins* v. *Car-
rotter*, 2 Porter [Ala.], 463 ; *Piquet* v. *Snow*, 4 Nassau,
455.)

*Thomas Young* for respondent. A *feme covert* with
respect to her separate property is in equity considered a *feme
sole.* (*Strong* v. *Skinner*, 4 Barb. 552, 553 ; *Am. Home Mis-
sionary Society* v. *Wadhams*, 10 Barb. 597 ; 2 Story's Eq.
Jur., §§ 1381, 1382 ; *Billings* v. *Baker*, 28 Barb. 359, 360 ;
*Rider* v. *Hulse*, 33 id. 267 ; *Rieben* v. *White*, 43 id. 97 ; *The
Fireman's Ins. Co.* v. *Bay*, 4 Barb. 414 ; 2 Story's Eq. Jur.,
§ 1380 ; 2 Bright's Husband and Wife, 214, 216 ; *Peck* v.
*Brown*, 26 How. 372 ; *Martin* v. *Martin*, 1 N. Y. 473, 478 ;
*Yale* v. *Dederer*, 22 id. 460 ; Laws of 1848, chap. 200.) The
possession of the defendant Wood, under the circumstances of
this case, has not been an adverse possession. (*Vandevoort* v.
*Gould*, 36 N. Y. 639, 643.) A married woman can maintain
an action of this kind against her husband. (*Wright* v. *Wright*,
54 N. Y. 437, 444 ; *Minier* v. *Minier*, 4 Lans. 421 ; *Strong*
v. *Skinner*, *supra*, 555 ; 2 Story's Eq. Jur., § 1368.) The
fact that the defendant improved the property constitutes no
defense. (*Minier* v. *Minier*, 4 Lans. 424.) No demand of
possession is necessary ; it is an immaterial allegation if made.
(*Ford* v. *Sampson*, 30 Barb. 183.)

FOLGER, Ch. J. The premises in question were conveyed to
the plaintiff by deed in 1844, for her natural life only. She
was then, and ever since has been the wife of the defendant
Wood, and they have had for years, children of their marriage.
The deed, however, conveyed the premises to her, as and for
her own separate estate free from the control of her husband.
In addition to that, the defendant covenanted with the grantor,
*pari passu* with the execution of the conveyance, and for a

consideration expressed, that the plaintiff should hold the premises to her own separate and sole use, free from any claim or interference from the defendant. The effect of the deed is to be determined by the law as it was before the married woman's acts of 1848, and subsequently. At law the husband then acquired in the wife's freehold interest in lands for life a freehold interest in himself during their joint lives. (*Poly-blank* v. *Hawkins*, 1 Doug. 329.) And so it was if lands were conveyed to her during coverture. (*Junction R. R. Co.* v. *Harris*, 9 Ind. 184.) Nor could the legislature take away this vested right. (*Westervelt* v. *Gregg*, 12 N. Y. 202.) But in equity there was recognition of a capacity in a married woman to enjoy property separate from her husband; and that too where she came by it during coverture. (*Steedman* v. *Poole*, 6 Hare, 193.) The language of the deed to the plaintiff, in the case in hand, " only as and for her own separate estate, free from the control of her husband," is sufficient to create a separate estate in her, as any language will effect that end, where from the nature of the transaction, or from the whole context of the instrument, that intent appears. (*Stanton* v. *Hall*, 2 Russ. & Mylne, 180.) Nor need there have been a trustee named in the instrument. (*Bennet* v. *Davis*, 2 P. Williams, 316 ; *Douglas* v. *Congreve*, 1 Beav. 72 ; *Davidson* v. *Atkinson*, 5 Johns. 434.) The law would create the husband a trustee for the wife in such case. (*Parker* v. *Brooke*, 9 Ves. 583 ; *Rich* v. *Cockell*, id. 369.) Thus it stood with these lands, and the rights of the plaintiff and defendant in them, when the married woman's acts were passed. The effect of these acts was to give to a married woman, over all the property that she owned, the same control and power of management that she would have had had she been sole, with certain exceptions as to the manner of binding it for a debt, not now to be considered. (Laws of 1848, chap. 200, p. 307, § 2 ; Laws of 1860, p. 157, chap. 90, §§ 1, 3, 7 ; Laws of 1862, p. 343, chap. 172, §§ 1, 7.) In the case in hand, as by the deed to the plaintiff, there was no trustee named, and as the husband would be held by equity as trustee for his wife, there was no occasion for a

resort by the plaintiff to the Supreme Court, under the second section of the act of 1849 (Laws of 1849, chap. 375, § 2, p. 528), for the resignation and surrender of the trustee, and a conveyance to her. Those statutes by their own operation changed her capacity to hold a separate estate as a matter of equity, into a legal estate, and she thereby became entitled to control and manage it, as if she were a *feme sole.* As by those statutes she was given the power to sue and be sued (Laws of 1860, *supra,* § 7; Laws of 1862, *supra,* § 3), she could bring an action to recover the possession of the premises, if she had been unlawfully ousted. (*Darby* v. *Callaghan,* 16 N. Y. 71.) And if her husband is the person who has thus ousted her, she can sue him. (*Wright* v. *Wright,* 54 N. Y. 437.) It is claimed that it was the intention of the grantors to the plaintiff, that the lands should be held by her and the defendant jointly, as a homestead for themselves and family. We are not able to gather that intention from the language of the deed, but do gather the contrary. The oral testimony tends to show that the purpose was to shut out the defendant from any legal or equitable interest in the lands that could be reached by creditors, and if he got no such interest, what interest did he take that he can set up against the legal title of the plaintiff, and her right of sole and absolute possession? Nor is the plaintiff estopped from asserting her title and right of possession, by any thing that has taken place between the parties. The defendant has never been misled as to the true state of the case. He has always known as much as the plaintiff has, of the legal rights created by the deed. Nor has he done any thing, or parted with any thing, in reliance upon any declarations of the plaintiff not consistent with the true state of the facts as they now appear. It is insisted that no notice to quit has been given to the defendant, and that this action is premature for that reason. The facts do not show that the defendant was entitled to one. He was not a tenant at will, or by sufferance created by holding over his term or otherwise, so as to bring him within the requirement of 1 Revised Statutes, page 745, section 7. He never had the posses-

sion of the premises. The possession was always hers, or that of her tenants. The possession was taken under the deed to her, of course as her possession, by virtue of her title. That the defendant was upon the premises was because he is her husband, the head of the family, and he went there as such. She has been the lessor of it, and in the receipt of the rents and profits. She took the actual possession at the last, and he went on to the premises with her. By reason of his conduct toward her she went away off from them, and he stayed, but not in any way as a tenant at sufferance, because he never had an interest in them, nor any possession growing out of an interest. (*Knowles* v. *Hull*, 99 Mass. 562.) For like reason he was never a tenant at will of the plaintiff. He never acquired possession by the consent of the plaintiff. He is more like one who has by a trespass come into the *pedis possessionem* of the lands. A point is made, that the trial court erred in excluding oral testimony of the fact that the grantor of the plaintiff left a will. There are no data in the case from which we can judge of the pertinency of the fact; or of the will itself, if there was one.

It appears that the defendant has put improvements upon the land of more or less value. It is claimed that because of that it would be unjust to deprive him of the possession. At the best, one who puts improvements on the land of another is allowed no more than thereby to mitigate the damages, by offsetting them to the extent of the rents and profits claimed. Then he must be a *bona fide* occupant. If he has acted with a knowledge of the owner's rights he may not be allowed them at all. (*Woodhull* v. *Rosenthal*, 61 N. Y. 382.)

The judgment should be affirmed.

All concur.

Judgment affirmed.