Birdie Amsterdam, J.
Plaintiff, the husband of defendant in the instant consolidated actions, moves for summary judgment, in the summary proceeding herein, evicting defendant from plaintiff’s house at No. 5 East 80th Street, Manhattan, New York City, and for dismissal of defendant’s affirmative defenses pursuant to subdivision 6 of rule 109 of the Buies of Civil Practice.
The summary proceeding was heretofore removed from the Civil Court and consolidated with the action by plaintiff for an annulment and the action by his wife against him for an injunction. On the instant motion, which pertains solely to the summary proceeding, plaintiff moves pursuant to subdivision 8 of section 1411 of the Civil Practice Act. He contends he is the owner of the subject premises and that, after the parties had separated in October, 1961, he had, on April 8, 1963, served formal notice on defendant terminating her license to continue in possession of the premises; that since that date she has continuously used and prevented plaintiff, who is the owner of the premises, access thereto and possession thereof.
Defendant does not deny plaintiff’s ownership and admits receipt of the notice of termination. However, she denies wrongful holdover. She alleges that she was married to the plaintiff in 1956, that the house was the “ marital home ” of the parties until October of 1961 when plaintiff “ unjustifiably abandoned her ”. She asserts she did not enter into the premises by the “permission” of plaintiff but contends plaintiff gave her entrance thereto as his wife 6 ‘ which under settled legal principles, [plaintiff] was obligated to ” do. Defendant further asserts two affirmative defenses, namely, (1) that plaintiff cannot remove her from the premises because it constitutes “ their marital home ”, and (2) that the relief sought in the instant proceeding is sub judice in the annulment action, pending between the parties in this court, because reference was made in a motion therein on the issue “as to whether use of these premises or of the personalty (therein) is essential to the conduct of plaintiff’s (petitioner’s) business ”.
Prior to 1951 the courts consistently held that a spouse owning real property had an absolute right to recover its possession from the other spouse (Wood v. Wood, 83 N. Y. 575). This right was reaffirmed in the case of Goodwin v. Goodwin (172 Misc. *1046 118). However, prior to 1951 a person could not be evicted by summary proceedings where that person had obtained possession of realty rightfully (Williams v. Alt, 226 N. Y. 283). Thus, in Brooks v. Brooks (146 Misc. 335) it was held that a husband could not evict a wife by summary proceedings since her entry onto the premises had been lawful. She was not an intruder or a squatter within the purview of subdivision 4 of section 1411 of the Civil Practice Act. The courts held that the proper remedy to recover real property from a spouse was an action in ejectment (Wright v. Wright, 188 Misc. 268).
Subdivision 8 of section 1411 was enacted in 1951. It appears from a study thereof that it was intended by the Legislature to afford a spouse, with legal right to possession of realty, the simple and speedy relief of summary proceedings, where the husband and wife have in fact separated. The reasons for the enactment of subdivision 8 have been succinctly set forth in the case of Tausik v. Tausik (21 Misc 2d 599, affd. 11 A D 2d 144, affd. 9 N Y 2d 664). The Appellate Term stated that the refusal of our courts to entertain summary proceedings against a refractory spouse, trespasser though she may be was one of the reasons which led the Legislature to add subdivision 8 to section 1411 of the Civil Practice Act, thus affording to the spouse with the legal right to possession the simple and speedy relief of summary proceeding’s where “ ‘the husband and wife separate ’ It was further stated that the availability of the remedy provided by subdivision 8 is not limited to a case of a “ ‘ finalized separation through judicial decree or formal agreement’ ” (p. 599); that ‘ ‘ With respect to married couples not living together, to have the remedy depend on the formality of their separate status would be manifestly unfair and contrary to the statutory purpose. All that should be necessary is the establishment of the right to possession by one party and the duty to vacate by the other” (p. 600). The Appellate Division stated (p. 144) that “ Nothing in subdivision 8 of section 1411 limits the term ‘ licensee ’ so as to exclude a spouse. * 8 * Such a suit could be maintained between spouses who had separated even though there was no judicial separation (Wood v. Wood, 83 N. Y. 575).” Thus, by statute and pertinent case law, plaintiff owner’s right to the possession of the subject realty herein is established. Hence, the questions of fact sought to be raised by the wife herein are without merit. Whether she is validly married to the plaintiff owner, whether the subject premises constituted their marital home during their cohabitation, whether plaintiff rightfully or wrongfully abandoned defendant, are all immaterial to this type of proceeding as a matter of law. *1047 The first affirmative defense, that the 80th Street house constitutes the “ marital home ” of the parties, and consequently plaintiff cannot evict defendant by summary proceedings, is without basis as a defense in law. Defendant’s second affirmative defense, that a reference growing out of a motion made by plaintiff in the pending annulment action between them makes this proceeding sub jjudice, is untenable. It appears that by the said motion plaintiff did not seek to evict defendant from the subject premises. Plaintiff there simply sought permission to reside and occupy and make use of the premises while the defendant resided therein and to restrain defendant from interfering with his right to the use and enjoyment thereof. He only sought joint access to the premises but did not ground his relief for exclusive possession thereof, or assert any rights under section 1411 of the Civil Practice Act. Accordingly, the second affirmative defense is insufficient and is dismissed.
In light of the afore-stated, the motion as prayed for is granted.