### BUDD and others *vs.* WALKER.

On a suggestion for mesne profits, after a recovery in ejectment, the plaintiff can only recover for the six years next before the filing of the suggestion. He can not elect to recover for the six years next succeeding the commencement of the ejectment suit.

SUGGESTION for mesne profits. The suggestion claimed mesne profits from 12th of July, 1837, until 15th of April, 1845. On the trial at the Monroe circuit, in February, 1847, before Whiting, circuit judge, the plaintiff introduced in evidence a judgment record in an ejectment suit between the parties to this action, filed in the clerk's office in Geneva, 13th December, 1844, by which it appeared the plaintiffs had recovered certain premises in the town of Greece, Monroe county. It appeared by this record that the ejectment suit was commenced in July, 1837. The suggestion for mesne profits was filed in April, 1845. The only question at the circuit, as presented by the bill of exceptions, was, which period of six years the plaintiffs were entitled to recover for. The circuit judge allowed them to elect the six years next succeeding the commencement of the ejectment suit. The defendant contended that the plaintiff should be confined to the six years next preceding the recovery in the ejectment suit.

The plaintiff recovered $60 damages.

*W. S. Bishop*, for defendant, moved for a new trial.

*Geo. E. King*, for plaintiff.

*By the Court*, WELLES, J. The plaintiff was permitted to recover for the mesne profits during six years next succeeding the commencement of the ejectment suit—that is to say, from July, 1837, to July, 1843. The judgment roll in the ejectment suit was filed Dec. 30, 1844, and the suggestion for mesne profits was filed in April following—1845.

I think it can not be successfully contended that the plaintiff

had the right of selecting any six years he might choose, and recover for that period. The six years referred to in the statute must be a fixed and certain period, with reference to some stage of the proceedings either in the ejectment suit, or upon the suggestion for mesne profits. If, however, the period selected was the one which the law decides was the correct one, the fact that the plaintiff was allowed to make the selection, constitutes no ground for a new trial.

It is not denied that in the old action of trespass for mesne profits, the recovery was limited to the six years next preceding the commencement of the action to recover them. The proceeding provided for by the revised statutes is in lieu of the former action of trespass, (2 *R. S.* 310, § 44,) and I think the rules which were applicable to the latter, should govern the former, excepting where the statute directs otherwise. The object is the same in both. In the former action of trespass, it was necessary to plead the statute of limitations, or the plaintiff might recover for the whole period to which he could show himself entitled, without reference to the six years limitation. In the proceeding by suggestion, it is not necessary to plead the statute, for the plaintiff can in no case recover for more than six years occupancy. (2 *R. S.* 311, § 50. *Jackson* v. *Wood,* 24 *Wend.* 443.) But this can make no difference as to the particular period of six years occupancy of the premises by the defendant, for which the plaintiff shall recover damages. It is to be regretted that the legislature did not specify when the six years to which the plaintiff's recovery is limited, should commence or terminate. The object of all statutes of limitation is to prevent the setting up of stale and dormant claims. They are called statutes of repose; they fix a period within which, in point of time, a claim or right must exist, in order to be the subject of judicial cognizance; and that period I think must terminate at the time when the party asserting the claim commences legal proceedings with a view to enforce it. In view of this rule, the period of limitation in the present case would terminate, either at the time of the commencement of the ejectment suit, or the filing the suggestion for mesne profits. The tendency of the argument of the plaintiffs'

Budd *v.* Walker.

counsel, that the suggestion is a continuation of the ejectment suit, is to prove that the six years in question must be next before the commencement of the ejectment suit. That, however, was not what he asked for, or what the court allowed him; nor was it what the defendant contended for.

But to return to the real question before us. We are clear that the six years limitation in question terminates, or must be, next before the filing of the suggestion for mesne profits. That is the time when the plaintiff puts himself in motion, with a view to obtain the object he seeks. He may or may not stop his proceedings in the ejectment suit, when he has obtained possession of the land. They are complete, and his principal object is attained at that time ; and although the further proceedings provided for by the statute are to be entered with, or attached to, the record of judgment in the ejectment suit, as a continuation of the same, yet the defendant may appear and plead, and the parties have a trial by jury, as in other cases, and a distinct judgment is to be entered, as in an action of assumpsit for use and occupation, which will have the like effect in all respects.   (§ 53.)

The plaintiffs claimed to go for the six years next succeeding the commencement of the ejectment suit, and the court held that they were entitled to recover for that period, to which the defendant excepted. We think in this the court erred, and that the defendant is entitled to a new trial.

Ordered accordingly.