THE GAS–LIGHT COMPANY OF SYRACUSE, RESPOND-
ENT AND APPELLANT, *v.* THE ROME, WATERTOWN AND
OGDENSBURGH RAILROAD COMPANY, APPELLANT
AND RESPONDENT.

*An amendment to the complaint, on the trial, which changes .the cause of action,
should not be granted — in an action of ejectment mense profits are, under section 1531
of the Code of Civil Procedure, only recoverable for the six years preceding the trial.*

In an action, brought to recover the possession of a lot in the city of Syracuse, and
damages for the defendant's wrongfully withholding the possession thereof and for
running and operating its railroad upon and across the same, thereby greatly depre-
ciating the value of the plaintiff's property, it appeared that since March, 1870,
the plaintiff had owned in fee and been in the possession of a lot of land bounded
on the north by the south side of West Genesee street, on the east by the center line
of Franklin street and on the south and west by other lots; the land was ninety
feet long, north and south on Franklin street, and eighty-one feet wide, east and
west on West Genesee street, inclusive of one-half of the land in Franklin street.

After the evidence had been closed, and on the day to which the case was
adjourned for submission, the plaintiff tendered and asked leave to serve an
amended complaint alleging that a short time before the intrusion of the said
railroad the plaintiff had purchased the said lot for the particular purpose of
improving the premises so purchased by erecting thereon a building for its own
use and occupation, as offices for the convenience and accommodation of its
business, and that it was compelled to abandon such purpose because of the
intrusion of the said railroad upon the plaintiff's premises, and the dangers
incident to such a situation, and the constant running of trains and the noise
and smoke thereof, and the frequent standing of steam engines and trains
on the railroad tracks in actual contiguity with the plaintiffs premises; and that
from such cause the said premises had become unmarketable, and demanding a
judgment for $5,000; and that unless the defendant paid such damages it should
be restrained from maintaining and operating the said railroad.

*Held,* that, as by the proposed amendment the plaintiff asked to change an action
of ejectment into an action to compel the defendant to purchase land at a price
to be fixed by the court, or remove its road from the land, the court properly
denied the motion.

The defendant entered into possession of the plaintiff's land December 15, 1875;
this action was begun April 4, 1883, tried December 1, 1885, and the judgment
was entered on December 31, 1886. The court found that the damages for with-
holding the premises was fifty dollars per year for nine and one-half years from
December 31, 1875. The plaintiff recovered a judgment for a piece of land
described therein, which was all within Franklin street, except a triangular
piece two feet eleven and one-half inches wide on the south side of Genesee
street, and also the sum of $475 damages for the wrongful withholding of
the land so recovered.

*Held,* that the plaintiff was not entitled to recover mesne profits or damages for the wrongful withholding of premises until his right to recover the premises was established, and that the mesne profits, recoverable under section 1531 of the Code of Civil Procedure, should be assessed for the six years immediately preceding the trial of the action; that the judgment should be modified by reducing the damages by $175.

*Jackson* v. *Wood* (24 Wend., 443); *Budd* v. *Walker* (9 Barb., 493); *Grout* v. *Cooper* (9 Hun, 326) followed.

APPEAL by the plaintiff from so much of a judgment rendered at the Onondaga Special Term, entered in the office of the clerk of Onondaga county on the 31st day of December, 1886, as adjudges that the plaintiff is not entitled to recover in this action any damages or depreciation resulting from or by reason of the intrusion into occupation and withholding by defendant, therein mentioned, of plaintiff's adjoining lands, and other than that part of said lot occupied by defendant's track and cars, as therein mentioned; also from that part of said judgment which adjudges that plaintiff is not entitled to recover against the defendant in this action the lands or the possession thereof, being that part of said lot seven not occupied by or included within said track and the projection of cars passing over it; also from that part of said judgment which adjudges that plaintiff is not entitled to any relief in said action other than as mentioned in said judgment.

The defendant appealed from the whole of the said judgment.

*George F. Comstock,* for the plaintiff, appellant.

*Edmund B. Wynn,* for the defendant, appellant.

FOLLETT, J.:

Appeal by both parties from a judgment entered on a decision of a Special Term and heard in this court on a case which contains all of the evidence, exceptions to the decision by both parties and requests preferred by the plaintiff, pursuant to section 1023 of the Code of Civil Procedure.

Franklin street extends northerly and southerly through the city of Syracuse, crossing West Genesee street. Both were used as public streets before the city was incorporated. Franklin street is forty feet wide and West Genesee street is ninety-nine feet wide.

Since March 4, 1870, the plaintiff has owned in fee and been in possession of land bounded on the north by the south side of Genesee street, on the east by the center line of Franklin street and on the south and west by other lots. This land is ninety feet long, north and south on Franklin street, and eighty-one feet wide, east and west on West Genesee street, inclusive of one-half of the land in Franklin street, or sixty-one feet wide, exclusive of the land in Franklin street and west of the center line thereof.

February 25, 1868, the Syracuse Northern Railroad Company was incorporated under the general railroad laws of this State, and in 1871 laid a track through Franklin street, west of the center line thereof, and upon land bounded east by said center line and west by the west line of said street, which is owned by the plaintiff, subject to the right of the public to use it for a street. In 1872 this railroad was opened for traffic, and in August, 1875, it was sold under a mortgage foreclosure and reorganized under the name of the Syracuse and Northern Railroad Company. December 15, 1875, the last-named corporation was consolidated with the defendant, which corporation has since maintained and operated said road. April 4, 1883, this action was begun to recover the possession of the whole lot and damages for wrongfully withholding "the possession thereof, running and operating its said railroad upon and across the same, greatly depreciating and injuring the said property and the value thereof, to the great damage of the plaintiff, in the sum of five thousand dollars."

The plaintiff had a judgment for the recovery of the following described land: "Beginning at the north-east corner of said block, number eighty-five, at the intersection of the south line of West Genesee street with the west line of Franklin street; thence west on the south line of West Genesee street, two feet eleven and one-half inches; thence southerly on a straight line ninety feet to a point nine feet east of the west line of Franklin street; thence east parallel to West Genesee street, eight feet eight and one-half inches; thence in a direct line northerly, about ninety feet to the place of beginning, being the part of plaintiff's said lands and premises which are covered by and included within the railroad track of the defendant and the projection of the cars and engines run on and

over said track, * * * subject to the easement of the public in so much of said premises as lies within the bounds of said Franklin street." The land recovered is all within Franklin street, except a triangular piece two feet eleven and one-half inches wide on the south line of West Genesee street, the east and west lines of which converge and meet at a point in the west line of Franklin street, about twelve feet southerly from the south line of West Genesee street, and is wholly west of Franklin street. The damages for the wrongful withholding of the land recovered were assessed at $475.

The plaintiff seems to have tried this action upon the theory that it could recover its land occupied by the defendant, and also the difference in the value of the lots, with and without the railroad. Four witnesses were sworn in behalf of the plaintiff upon this issue, who testified that the presence and operation of the railroad diminished the value of the lots fifty per cent, fifty dollars for each foot on Genesee street, sixty-one feet, or $3,050. Four witnesses were sworn in behalf of the defendant upon this issue, two of whom testified that the railroad did not injure the lots, and two of whom testified that it diminished the value of the lots by twenty to twenty-five per cent. No witnesses testified to the rental value of the lots between the date when the road was constructed and the date of the trial; and the only evidence from which the rental value could be inferred (aside from the general description of the property) was, that the plaintiff had received during the ten years prior to December, 1885, $371.32 over and above taxes, insurance and expenses. No evidence as to how much the rental value was diminished by the railroad appears in the case.

The evidence was closed December 1, 1885, and the case was adjourned until January 16, 1886, for submission, at which date the plaintiff tendered and asked leave to serve an amended complaint, containing, among others, the following allegations and demands for judgment:

"The plaintiff further says that only a short time before the intrusion of the said railroad the plaintiff had purchased and taken title to a lot of land fronting northerly on said West Genesee street, extending in the rear about ninety feet from the south line of that street, and lying alongside of and bounded on the east by the center line of Franklin street, so as to include the spaces hereinabove par-

ticularly described, and that the plaintiff had made such purchase for the particular purpose of improving the premises so purchased by erecting thereon a building for its own use and occupation as offices for the convenience and accommodation of its business; that the said plaintiff did actually make its plan and preparation for such building, but was compelled to abandon such purpose by the intrusion of said railroad, the actual contact thereof with plaintiff's premises, the dangers incident to such a situation, the constant running of trains and the noise and smoke thereof, and the frequent standing of steam engines and trains on the railroad tracks, in actual contiguity with the plaintiff's premises aforesaid.

" That from such causes the premises aforesaid became unmarketable and were permanently depreciated in value to the extent of one-half.

" That the defendant has, at all times since it took possession as aforesaid, maintained the said nuisances to the present time, and, although requested to remove the same or to compensate the plaintiff for the injury so inflicted, has refused so to do and threatens to perpetuate the injury by the continuance of such nuisances.

" By reason of all the premises the plaintiff demands judgment for $5,000 damages on account of the injuries aforesaid, and that unless and until the defendant pay such damages it be restrained and enjoined from maintaining, using or operating the said railroad; and the plaintiff demands such further or other judgment and relief as the case may require."

By the proposed amendment the plaintiff asked leave to abandon its " action to recover real property " and to prosecute an action to restrain defendant from operating its railroad in the street unless it should pay for the right a sum to be fixed by the court. This, as was held by the court, was asking to change an action of ejectment into an action to compel the defendant to purchase land at a price to be fixed by the court or remove its road from the land, and was properly denied. For the same reason the court properly refused to permit the plaintiff to so change the cause of action, by granting the relief asked for, upon the evidence, and without amending the complaint.

The distinction which formerly existed between damages for the wrongful withholding of land recoverable in and only in an action

of ejectment, and the rents and profits, or mesne profits, which might be recovered in the action of ejectment or in a subsequent action. (*Larned* v. *Hudson*, 57 N. Y., 151; *Cagger* v. *Lansing*, 64 id., 417) is abolished by sections 484, subdivision 5, 1496, 1497 and 1531 of the Code of Civil Procedure.

Under the old Code rents and profits could not be recovered in an action of ejectment unless the complaint contained an independent count claiming them. The complaint in this action contains no such count, but the court held, in effect, that the distinction between rents and profits and damages being abolished, the mesne profits could be recovered though not claimed in an independent count. Of this the plaintiff can not complain.

When land is recovered in ejectment the damages done by the defendant to the freehold may be recovered with the mesne profits. (*Liford's* case, 11 Rep., 51; *Dewey* v. *Osborne*, 4 Cow., 329; *Morgan* v. *Varick*, 8 Wend., 587; *Alsop* v. *Peck*, 2 Root, 224; *Lippett* v. *Kelley*, 46 Vt., 516; *Huston* v. *Wickersham*, 2 Watts & S., 308; Adams Ej., 391; 1 Sedg. on Dam. [7th ed.], 251.) Such damages are not general damages, and cannot be recovered unless alleged in the complaint. And when part of a lot is withheld by an intruder from the rightful possessor who seeks to recover the part by ejectment, with the damages sustained by the diminution of the rental value of the whole lot, such special damages must be specifically alleged. Such special damages were not alleged in the original complaint nor in the proposed amended complaint, and cannot be recovered in this action.

The plaintiff's appeal cannot be sustained.

The owner of the fee of land which is subject to the right of the public to use it for a street may recover such part of it as is entered upon, without the consent of the owner, and used by a railroad operated by steam. (*Carpenter* v. *Oswego and Syracuse R. R. Co.*, 24 N. Y., 655; *Wager* v. *Troy Union R. R. Co.*, 25 id., 526.) The defendant entered into possession of the plaintiff's land December 15, 1875. This action was begun April 4, 1883, was tried December 1, 1885, the decision was signed December 22, 1886, and the judgment was entered December 31, 1886. The court found that the damages for withholding the premises was fifty dollars per year for nine and one-half years from December 31, 1875, $475, for

which sum, with costs, a judgment was entered. The defendant excepted to the award of damages and insists that the plaintiff was not entitled to recover for the use and occupation of the land for more than six years.

In *Jackson* v. *Wood* the plaintiff recovered a judgment in ejectment in October, 1826, which was affirmed in the Supreme Court in August, 1829 (3 Wend., 27), but was reversed by the Court of Errors in December, 1831. ( *Wood* v. *Jackson*, 8 Wend., 9.) The case was retried, and May 4, 1835, the plaintiff again recovered a judgment, which was affirmed in the Supreme Court, and in December, 1837, by the Court of Errors. (18 Wend., 107.) The plaintiff obtained possession of the premises under his judgment March 1, 1838, and then entered a suggestion upon the record, pursuant to section 44, 2 Revised Statutes, 310, claiming $20,000 mesne profits between March 16, 1818, and May 4, 1835, and $5,000 mesne profits between May 4, 1835, and March 1, 1838. The defendant did not plead that he was not liable (2 R. S., 311, § 50) for mesne profits for more than six years. The case was referred to referees, who reported that the defendant took possession of the premises March 1, 1822, and if he was liable for mesne profits from that date, the plaintiff was entitled to recover $13,800, but if the defendant was only liable for mesne profits for the six years next preceding the entry of the judgment (May 4, 1835) and for the time thereafter during which the writ of error was pending, the plaintiff was entitled to recover $7,289.04. In making up this sum, it was held that the plaintiff was entitled to interest upon the rents from each quarter day. It was also held that the plaintiff was entitled to a judgment for $7,289.04. (*Jackson* v. *Wood*, 24 Wend., 443.) This is not an authority for the position that a plaintiff who recovers land in ejectment is entitled to recover mesne profits for six years prior to the date when he began his action, and mesne profits from the date when the action was begun to the date of the recovery of the judgment, but is adverse to this position.

In *Budd* v. *Walker* (9 Barb., 493) the plaintiff began, July 12, 1837, an action of ejectment, and recovered a judgment December 30, 1844. In April, 1845, the plaintiff entered a suggestion upon the record, claiming mesne profits between July 12, 1837, and April 15, 1845, but was allowed to recover mesne profits only for

the six years next before the filing of the suggestion. These cases were cited and approved in *Grout* v. *Cooper* (9 Hun, 326).

A plaintiff is not entitled to recover mesne profits or damages for the wrongful withholding of premises until his right to recover the premises is established, and the mesne profits recoverable under section 1531 of the Code of Civil Procedure should be assessed for the six years immediately preceding the trial of the action. The damages in excess of $300, fifty dollars per year for six years, ought not to have been allowed; and the judgment should be modified by reducing the damages by $175, and, as modified, affirmed, without costs to either party.

MARTIN, J., concurred.

Judgment modified by reducing the damages to the sum of $300, and, as modified, affirmed, without costs to either party.