ALEXANDER CHACE, RESPONDENT, *v.* JAMES M. LAMPHERE, APPELLANT.

67 599
148a 206
67h 599
79 AD⁴250
79 AD⁴253

*Will — intention of testator — designation of land in a will construed in the light of testator's understanding as to its occupation — damages recoverable for withholding real property — Code of Civil Procedure, sec. 1531.*

A testator, at the time of his death, owned two adjoining farms, one known as the Homestead farm, consisting of about 143 acres, the other, known as the Wooley farm, of about 170 acres. In the 170 acre tract was a lot of about twenty-seven acres, which had been occupied by one Lamphere, in connection with the Homestead farm, for several years preceding the testator's death, making the land occupied by Lamphere about 170 acres, while one Chace had occupied for the same period the remainder of the Wooley farm, about 143 acres.

The testator devised to Lamphere "all my said farm  *  *  *  containing about 140 acres of land, with the appurtenances thereunto belonging, being the farm on which said Lamphere now resides;" and he devised to Chace "all my said farm  *  *  *  containing about 174¾ acres of land, called the Wooley farm, which I purchased of Sherman Griswold, and on which farm said Chace now resides."

After the testator's death Chace brought an action against Lamphere for the possession of the twenty-seven acre lot. The trial judge found that Lamphere's use and occupation of the lot in question was, upon the understanding and

agreement between Chace and the testator, that it should continue to be regarded as a part of the Wooley farm on which Chace resided.

*Held,* that, in ascertaining the testator's intention, the character of the occupancy of the twenty-seven acre lot by Lamphere was a controlling factor, and that, in view of the above finding on that question, it was to be deemed that the testator intended it to be included in the devise to Chace.

The "term not exceeding six years," for which, under section 1531 of the Code of Civil Procedure, damages for withholding the premises may be recovered in an action to recover real property, applies only to time prior to the commencement of the action, but interest on such damages may be recovered from the commencement of the action to the rendition of judgment.

APPEAL by the defendant, James M. Lamphere, from a judgment of the Supreme Court, entered in the office of the clerk of Columbia county on the 1st day of August, 1892, in favor of the plaintiff, Alexander Chace, on a decision rendered upon a trial at the Columbia Circuit by the court without a jury.

The action was brought to recover possession of certain land in the town of Austerlitz, Columbia county, New York, and damages for the unlawfully withholding of the same. The plaintiff and defendant each claimed title to the disputed lot under the last will and testament of Smith Shaw, deceased, who died in 1878.

*H. W. McClellan, Orin Campbell* and *James K. Averill,* for the appellant.

*A. Frank B. Chace,* for the respondent.

HERRICK, J.:

This case has been before this court once before upon appeal (51 Hun, 524) and the legal questions in the case disposed of, so that there is no need of reviewing them at this time. The testator possessed about 314 acres of land, consisting of two farms, one known as the Homestead farm consisting of about 143 acres, and another that he had purchased of one Sherman Griswold, consisting of about 170 acres of land; Griswold had purchased some 153 acres of such farm from a man named Wooley, and the whole tract of 170 acres conveyed by Griswold to the testator was generally known and spoken of in the neighborhood as the "Wooley farm." The 170-acre tract embraces the land in dispute.

The tract of land in question adjoins the Homestead farm and consists of a little over twenty-seven acres, and had been occupied by the defendant in connection with the Homestead farm upon

which he resided from sometime in the year 1871 down to and at the time of the death of the testator; the remainder of the farm purchased of Griswold by the testator had been occupied and resided upon during the same time by the plaintiff.

The testator disposed of these farms by his will in the following language :

*Second.* I give, devise and bequeath a life estate in the farm of land now occupied by James M. Lamphere to my said sister, Happy Shaw, during the life of my said sister; and I further give to my said sister fifty dollars each year during her natural life, and said fifty dollars each year, as aforesaid, to be and is hereby made a charge against and to be paid from the farm occupied by said Chace as an annuity therefrom, to which said farm is hereby made subject to the payment of, as aforesaid, to my said sister.

*Third.* I give and bequeath four hundred dollars to Abby Holdridge, of Spencertown, to be paid her one year after my death from the farm occupied by said Lamphere, which farm I charge with the payment of said sum to said Abby Holdridge.

*Fourth.* I give and bequeath four hundred dollars to Helen Holdridge, to be paid her one year after my death from the farm occupied by said Chace, which farm I charge with payment of said sum to said Helen Holdridge.

*Fifth.* I direct my executors, hereinafter named, to erect a suitable monument of the value of four hundred dollars over my remains, for myself and my said sister Happy, the expense of which is made a charge equally against my said two farms occupied by said Lamphere and Chace, and to be paid from each said farm, two hundred dollars from each.

*Sixth.* I give, devise and bequeath to James M. Lamphere, his heirs and assigns forever, all my said farm situated in the town of Austerlitz, Columbia county, N. Y., and containing about one hundred and forty acres of land, with the appurtenances thereunto belonging, being the farm on which said Lamphere now resides, to have and to hold the same to said Lamphere, his heirs and assigns forever, subject, however, to the life estate of my said sister, Happy Shaw, therein, and to the payment of the several sums and legacies hereinbefore charged against the same.

*Seventh.* I give, devise and bequeath to Alexander Chace, his heirs and assigns forever, all my said farm situated in the town of Austerlitz, Columbia county, N. Y., and containing about one hundred and seventy-four and three-quarters acres of land called the "Wooley farm," which I purchased of Sherman Griswold, and on which farm said Chace now resides, together with the personal property now on said farm, to have and to hold the same, to said Chace, his heirs and assigns forever, subject, however, to the payment of the annuity of fifty dollars each year to my said sister, Happy Shaw, with which said farm is hereinbefore charged, and is hereby charged, and also subject to the payment of the several sums and legacies hereinbefore charged against said farm.

It will be observed that the farms are spoken of as "occupied" or "resided" upon by the plaintiff and defendant respectively.

The acres devised to each do not correspond with the number occupied by each. If the land in dispute, and which was occupied by the defendant, is held to have been devised to him by the terms of the will, then instead of taking about 140 acres of land under the will, he will take about 170 acres, and the plaintiff instead of taking about 174 acres, under the will, will take about 143 acres.

When the case was here before, the court said : " We are persuaded that the case can be decided upon the ascertained intention of the testator as deduced from the provisions of the entire will, construed in the light of the facts and circumstances proper, to be considered in connection with such instrument."

The intention of the testator was a matter of fact to be found by the trial court. The character of the occupancy by the defendant of the piece of land in dispute, whether the testator intended to make it a part of the so-called Homestead farm, or whether he intended it to be and remain a part of the so-called "Wooley farm," were, of course, important questions in determining the intention of the testator.

Upon the trial the court found the following, as matter of fact, in relation to the strip of land in question : "These lands, at the time of the death of Shaw, and prior thereto, during the residence of the defendant upon the one hundred and forty-three acre farm, a period of about eight years, had been occupied and used by the defendant in connection with said one hundred and forty-three acre

farm, but such use and occupation was upon the understanding and agreement between Shaw and the plaintiff that the same should continue to be regarded as a part of the farm of one hundred and seventy acres above mentioned, upon which plaintiff resided, and of the whole of which he had been in the actual use and occupation up to that time."

While from the evidence, as it appears in the printed case, my impression would lead me to a contrary conclusion, yet, the learned trial justice heard the living witnesses, witnessed their demeanor, and could better determine what credence should be given to their testimony; and there being testimony to sustain his finding, I do not feel at liberty to reverse it. As the case presents itself to me, the character of the occupancy of the land in question by the defendant, whether as a part of the Homestead farm, or with the understanding that it should still remain and be considered a part of the Wooley farm, is a controlling factor in the case and, so believing, I am forced to agree with the finding of the trial justice that "by the sixth clause of the will the testator intended to and did devise to the defendant the farm of about one hundred and forty-three acres above mentioned, and did not include in said devise the land and premises in dispute in this action. By the seventh clause of the will, the testator intended to and did devise to the plaintiff the farm purchased by him of Sherman Griswold, including the land in dispute in this action." And it follows from such findings that the plaintiff is entitled to recover.

I think, however, the court erred in permitting the plaintiff to recover damages for withholding the premises for a period of six years prior to the commencement of the action, and also from the time of the commencement of the action down to the rendition of the judgment, making about twelve years. The damages were estimated and allowed at the rate of forty-five dollars per annum, and the plaintiff was allowed $580.62. I think he is only entitled to recover for the period of six years. (Code of Civil Pro., § 1531; *Gas-Light Co.* v. *Rome, W. and O. R. R. Co.*, 51 Hun, 119.) He would, I think, however, be entitled to interest upon such damages from the time of the commencement of the action, which, in all, would amount to $362.66, and to that amount the recovery should be reduced.

If plaintiff consents to reduce his recovery for damages to the sum of $362.66 and to pay the appellant the costs of this appeal, then let the judgment as so modified be affirmed, otherwise let the judgment be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed, and a new trial ordered, costs to abide event; unless plaintiff reduces recovery to $362.66 and pay defendant's costs of this appeal, in which event, judgment, as modified, affirmed.