WILLIS v. McKINNON et al.

(Supreme Court, Appellate Division, Third Department. November 22, 1898.)

1. LANDLORD AND TENANT—ESTOPPEL TO ASSERT TITLE.
   Where a lease of an undivided interest gave the tenant the privilege of renewal, and the landlord refused to renew, and the tenant continued in possession without further arrangement, the landlord was estopped from asserting that the lease precluded the tenant from showing that, subsequent to making the lease, he became the owner of the other undivided interest, and hence was a tenant in common.

2. SAME.
   Where, prior to leasing an undivided interest in premises, the owner knew that the tenant had procured an option to purchase the other inter-

est, and the tenant made such purchase after execution of the lease, the landlord cannot say that the lease estops the tenant from setting up his tenancy in common as against the landlord.

Parker, P. J., and Landon, J., dissenting.

Appeal from trial term, Delaware county.

Ejectment by John C. Willis, substituted in place of Warren G. Willis, deceased, against Frank H. McKinnon and others. There was a judgment for defendants, and plaintiff appeals. Affirmed.

The action was brought to recover the possession of certain premises in the village of Masonville, in the county of Delaware. At the trial a jury was waived, and the case submitted to the court. The court found that at the commencement of the action the plaintiff was the owner of an undivided seven-eighths of the main store and lot, and an undivided three-fourths of the wing part, and that the defendant McKinnon was the owner of the remaining undivided portions; that the defendants did not actually oust the plaintiff, or do any act amounting to a total denial of his right; that, the plaintiff and defendant McKinnon being tenants in common, this action will not lie unless the defendant McKinnon is estopped from asserting his title and from disputing the title of the plaintiff. The court then, in effect, decided that such estoppel did not exist, and therefore dismissed the complaint.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

C. L. Andrus, for appellant.
James R. Baumes, for respondents.

MERWIN, J. Practically the only question presented by the appellant is that the court erred in declining to hold that the defendant McKinnon was estopped by the lease of April 15, 1886, from denying that Warren G. Willis, the original plaintiff, was the owner of the entire title. The lease is from Prentice W. Willis, as surviving partner of the late firm of Travis & Willis, to Frank H. McKinnon, of a portion only of the property. It was then understood by all parties, according to the evidence on the part of the defendants, that Mrs. Travis, as executrix of the estate of Mr. Travis, the deceased partner, had an interest in the property. Prentice said that she would have to consent to the renting of it. She refused to sign the lease, saying that she wanted to sell. She finally agreed to give McKinnon three months' notice in case she sold, and also the option of buying at same price she could sell for to another party, and then McKinnon took the lease from Prentice. The lease provides that, in case of sale, McKinnon should have first privilege of buying, and at least two months' notice to vacate. It might be found from the evidence that the lease in the form it was, and in view of the negotiations with Mrs. Travis, was not intended to be hostile to the rights of Mrs. Travis. The lease was for one year, with privilege of renewal if the premises were not sold. At the end of the one year, Prentice and McKinnon settled. McKinnon wanted a renewal. Prentice refused to give it; said he could not; that his uncle was going to foreclose, and take the title, and McKinnon would have to make arrangements with him. After repudiating the lease, and disclaiming any right to control the possession, Prentice or his subsequent grantee, Warren G. Willis, the original plaintiff, ought not to be permitted to say that McKinnon is estopped from asserting any right he subsequently obtained. It is to be observed that on this question of estop-

pel the plaintiff has no greater rights than Prentice himself had. Mc-Kinnon obtained a deed from Mrs. Travis on June 1, 1887. The deed was recorded June 15, 1887. The foreclosure of the two mortgages was, as it may be inferred, commenced soon after. Prentice deeded to W. G. Willis May 1, 1888. It is stated in the "case," as to both fore-closures, that they did not in any way affect the interest or title of McKinnon, if he had any. Prentice knew of the desire of Mrs. Travis to sell, and of the option she gave McKinnon. Under the circum-stances here appearing, he should be deemed to have assented to the purchase by McKinnon of the interest of Mrs. Travis. If so, he or his grantee, the predecessor of plaintiff, has no right to say now that McKinnon shall not have the benefit of his purchase. I think the con-clusion of the trial court was right, and the judgment should be af-firmed.

Judgment affirmed, with costs.

HERRICK and PUTNAM, JJ., concur.

LANDON, J. (dissenting). Prentice J. Willis and Harvey J. Travis, at the time of the death of Travis, in 1883, were partners in business, and the owners as tenants in common of the premises described in the complaint, subject to two mortgages. After the death of Travis, Willis continued the business as surviving partner, and in possession of the premises, until April, 1886, when, by a lease under seal, executed by him, in which he described himself "as surviving partner of the late firm of Travis & Willis," he leased the premises to the defendant for the term of one year from that date, with the privilege to the defend-ant of a renewal of the lease for another year, if the premises should not be sold. It was understood between the parties at the time of the execution of the lease that Mary J. Travis, as devisee, and executrix of the will of Prentice J. Willis, had succeeded to the title of Prentice J. Willis in the premises, but that she did not object to the lease, and such was the fact. The defendant entered into possession of the de-mised premises, and occupied them for one year, and paid the rent to Prentice J. Willis. At the end of the year the defendant requested a renewal of the lease for another year, but Prentice J. Willis declined giving it, alleging that his uncle, who held one of the mortgages, was about to foreclose, and it would be of no use to renew the lease. Never-theless the defendant continued in possession, and has ever since re-tained it. On the 1st day of May, 1888, Prentice J. Willis conveyed the said premises to the plaintiff by quitclaim deed, together with the reversion, remainder, rents, issues, and profits thereof. After the plaintiff's purchase of the premises, he bought in the same upon the foreclosure sale of the two outstanding mortgages, but these mortgages did not cover all the premises. The result was that at the time of the commencement of this action he was the owner of seven-eighths of the main premises and of three-fourths of the wing thereto. On June 13, 1887, Mary J. Travis conveyed to the defendant her interest in the prem-ises, subject to the above mortgages. The defendant, therefore, at the commencement of the action, had the legal title to one-eighth of the main part and one-fourth of the wing. The defendant, knowing just

what title Prentice J. Willis had, nevertheless took the lease from him, and obtained possession, and has held it ever since. He thereby recognized the title of Willis as it in fact existed, and agreed to accept it as a good title. He has never been evicted by title paramount; he has not, by purchase under a judgment sale, acquired his landlord's title, or any title adjudged against the landlord to be superior to his, nor is he able to show that, being liable to eviction, he has abandoned the premises, or attorned to the holder of a paramount title. All he has done is to buy in the strand or fraction of title outstanding in Mary J. Travis, a fraction which he knew to be outstanding when he took the lease. He took the lease subject to that outstanding strand of title, and therefore cannot assert it to the prejudice of his landlord's; certainly not until he has been evicted or compelled to attorn to its owner to escape eviction. Tilyou v. Reynolds, 108 N. Y. 558, 15 N. E. 534. His possession of the premises for the second year after the expiration of the first will be presumed to be under a renewal, although not formally executed; and after the second year it will be presumed to continue under the lease, in the absence of any contract to the contrary. Whiting v. Edmunds, 94 N. Y. 309, 314; Code, § 373. Prentice J. Willis conveyed his title in the premises, together with the remainder and rents, to the plaintiff. There were two outstanding mortgages, which were subsequently foreclosed, and upon the foreclosure sales the plaintiff purchased the premises. If a stranger had purchased the premises, he might have claimed that he held by title paramount to that of Prentice J. Willis, and the defendant might have recognized that title, and abandoned the premises, or attorned to the owner of the paramount title. Jackson v. Rowland, 6 Wend. 670. But the plaintiff, by becoming the grantor of the mortgagees as well as of Prentice J. Willis, could not hold the mortgage title in hostility to the title which he had obtained from Willis, but could hold it in its support. The first was not extinguished. Indeed, the deed from Willis covered a parcel not embraced in the mortgages. The defendant has simply purchased, during his possession under the lease, the outstanding title of Mary J. Travis in an undivided fraction of the premises. This he had a right to do, but his possession nevertheless continued to be under his landlord, and not under such newly-acquired title. Whiting v. Edmunds, supra. Before he could assert title against his landlord, he must surrender to him the possession which he acquired under the lease, or do some act equivalent to it. Id. The effect of defendant's possession under the lease from Willis is to establish that, as between Willis and defendant, Willis had title. The plaintiff, as grantee of Willis, has acquired that title, and, as the defendant's right to possession under the lease has expired, the plaintiff is entitled to possession. The action is not for rent, and it is not material whether the relation of landlord and tenant ever existed between the plaintiff and defendant.

The judgment should be reversed; new trial granted; costs to abide the event.

PARKER, P. J., concurs.