LA REPUBLIQUE FRANCAISE et al. v. SARATOGA VICHY SPRING CO.

(Circuit Court, N. D. New York. February 19, 1900.)

1. TRADE-NAMES—INFRINGEMENT—"VICHY" MINERAL WATER.

The name "Vichy," as applied to mineral water, is a geographical name used generally by the owners of springs near Vichy, France, to designate the locality of origin, and indicate the general characteristics, of their waters. It is not a trade-mark or trade-name, in a legal sense; and a suit by such owners against a defendant for using the name in connection with artificial waters, or waters of a different origin, can only be maintained on the ground of unfair competition.

2. SAME—UNFAIR COMPETITION.

Defendant for many years bottled and sold natural mineral water from a spring at Saratoga under the name of "Saratoga Vichy." No attempt was made to palm it off on purchasers as an imported water, but it was sold on its merits, and the labels were such as could not deceive a person of ordinary intelligence. Held, that the use of the name "Vichy" in connection with such water did not constitute unfair competition.[1]

This was a suit in equity for an injunction against infringement of rights in a trade-name. On final hearing.

[1] As to unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

Rowland Cox, for complainants.

Edgar T. Brackett and Walter P. Butler, for defendant.

COXE, District Judge. It is thought that this cause is ruled by the decision in La Republique Francaise v. Schultz (C. C.) 94 Fed. 500, recently affirmed.[1] Of course the facts are not alike. They never are. The salient features are, however, almost identical. The principles upon which the decision in the Schultz Case rests are invoked in the case at bar and I see no way to avoid their application. The attempt to distinguish, though ingenious, is founded upon considerations which are too vague and unsubstantial for practical application. They do not go to the merits of the controversy. They make no breach in the principal line of defense. It would be inequitable to punish the defendant with an injunction and an accounting after exonerating the defendants in the former case. Indeed, the defense here is, in some respects, stronger than in the Schultz Case. The defendant's water has been known for 26 years as Saratoga Vichy and the record shows that there has never been an attempt to palm it off on innocent buyers as the imported article. The defendant has sold it upon its merits as a natural Saratoga water. The two are different in appearance, taste and ingredients. The defendant's is a sparkling water and for several years has been sold under a label on which the word "Saratoga" is as prominently displayed as the word "Vichy." It is true that there is a small neck label attached to the bottle on which the name "Vichy" is the more prominent, but in view of the many other distinguishing characteristics it seems inconceivable that any one of ordinary perception can be induced to buy the defendant's water supposing it to be the imported Vichy. An individual stupid enough to be deceived in such circumstances is beyond the aid of a court of equity. In his case a writ de lunatico is a more appropriate remedy than a writ of injunction. The bill is dismissed.