for appellant. Marshall B. Woodworth, U. S. Atty. Before GILBERT, ROSS, and MORROW, Circuit Judges.

PER CURIAM. On the authority of Lee Ah Yin v. U. S. (just decided) 116 Fed. 614, the judgment is affirmed.

---

ÆPPINGER v. RYLEY et al. (Circuit Court, S. D. New York. June 19, 1902.) Wales F. Severance, for the motion. Mitchell L. Eslanger, opposed.

LACOMBE, Circuit Judge. Complainant may take a preliminary injunction, until final hearing or further order of the court, restraining defendants Ryley and Dunne from selling, assigning, or transferring the one-half interest owned by them, or either of them, in the property known as "Floradora," and more particularly described in the bill of sale annexed to the complaint, and from incumbering the same in any way by mortgage or lien. In all other respects the motion for injunction and receiver is denied.

---

GRAHAM v. FITZPATRICK. (Circuit Court, S. D. New York. May 5, 1902.) Sackett, Bacon & McQuaid, for plaintiff. Bayard L. Peck, for defendant.

COXE, District Judge. I have examined the authorities cited by counsel and incline to the opinion that the judgment as presented is correct. The propositions now advanced by the defendants were not presented at the trial, and it would seem that some of the objections, especially those relating to the form of the complaint, are made too late after verdict rendered. Had the attention of the court been called to this point at the trial, it is not impossible that an amendment would have been allowed, conforming the pleadings to the proof. As the court now recalls the trial no question was raised regarding the damages, except as to the correctness of the computation, which was reserved. Irrespective, however, of these considerations, it would seem that under section 1531 of the Code of New York, the proposed judgment is correct. Gaslight Co. of Syracuse v. Rome, W. & O. R. Co. (Sup.) 5 N. Y. Supp. 459; Chace v. Lamphere (Sup.) 22 N. Y. Supp. 404.

---

LA REPUBLIQUE FRANCAISE et al. v. HEGEMAN et al. (Circuit Court, S. D. New York. June 12, 1902.) In Equity. Final hearing on pleadings and proofs to enjoin the use of the words "Vichy" and "Grande Grille" on packages and in advertisements of certain salts of bicarbonate of soda manufactured in this country by the Keasbey & Mattison Company. Archibald Cox and Charles Bulkley Hubbel, for complainant. Edward K. Jones, for defendant.

LACOMBE, Circuit Judge. It seems unnecessary to add anything to the discussion of the questions here presented, which will be found in the various decisions in this circuit reported. La Republique Francaise v. Schultz (C. C.) 94 Fed. 500, affirmed 42 C. C. A. 233, 102 Fed. 153; Same v. Saratoga Vichy Springs Co. (C. C.) 99 Fed. 733, Id., 46 C. C. A. 418, 107 Fed. 459. There is no material difference in the facts. In accordance with the principles laid down in the case last cited, complainant may take an injunction against the further use of the words "Grande Grille," and against the further use of the words "Vichy Salts," unless either the word "artificial," or the words indicating the name of the manufacturers, shall be printed in type as large and as conspicuously displayed as are the words "Vichy Salts." Complainant is not entitled to recover either damages or profits for past sales, and, since neither side has entirely prevailed, decree will not award costs to either.