## WILLIS v. McKINNON et al.

(Supreme Court, Appellate Division, Third Department. January 14, 1903.)

1. RES JUDICATA—PLEADING.
  A judgment not being pleaded in bar is not res judicata on all questions litigated, and which might have been litigated, but only conclusive proof of matters actually litigated and determined.

2. LEASE—RECOVERY OF PREMISES.
  Where W., as surviving partner, leased premises to defendant, his rights are not affected, because plaintiff, who received a deed from W.

---

¶ 2. See Ejectment, vol. 17, Cent. Dig. §§ 500, 501.

as surviving partner, thereafter obtained further title through foreclosure of mortgages, and that the individual interest of W. was sold on execution, plaintiff having acquired the interest, and defendant's possession not having been disturbed because of the sale, and it not being possible that he can be called on to attorn to a superior title because of the sale.

3. EJECTMENT—RECOVERY OF RENTS—LIMITATIONS.

Under Code Civ. Proc. § 1531, providing that plaintiff, in an action to recover real property, or the possession thereof, having judgment, is entitled to recover as damages the rents or the value of the use and occupation for a term not exceeding six years, the six years are those next preceding commencement of the action.

4. SAME—IMPROVEMENTS.

Defendant in ejectment, having made improvements with knowledge of the owner's rights, may not have an allowance therefor.

Kellogg, J., dissenting in part.

Appeal from trial term, Delaware county.

Action by John C. Willis against Frank H. McKinnon and others. From a judgment for plaintiff (75 N. Y. Supp. 770), defendants appeal. Affirmed.

The premises were leased in 1886 for one year by Prentice W. Willis, as surviving partner of Travis & Willis, to defendant Frank H. McKinnon. Under such lease McKinnon went into possession, and has remained in possession ever since, having paid only one year's rent. He claims to be the owner, by purchase since executing the lease, of an undivided fraction of the premises, and that he holds as tenant in common with plaintiff. The fraction purchased was an outstanding title, and did not come through the lessor. The existence of this outstanding title to the fraction purchased was known to both parties at the time the lease was executed, but the lease covered the entire title; the lessor claiming to hold as surviving partner, and the lessee, by accepting the lease, conceding such ownership. The plaintiff is the successor to the rights of the lessor through a quitclaim deed from Prentice W. Willis as surviving partner, executed May 1, 1888. Thereafter the plaintiff obtained further title to the premises through the foreclosure of mortgages and sale upon judgment, and his title is conceded to seven-eighths of the store and to three-fourths of the wing.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

James R. Baumes (William H. Johnson, of counsel), for appellants. John C. Willis (Charles L. Andrus, of counsel), for respondent.

KELLOGG, J. This action has been twice tried. On appeal to this court from the judgment rendered on the first trial, Landon, J., wrote a dissenting opinion (35 App. Div. 134, 54 N. Y. Supp. 1079), holding that on the facts appearing in the record the plaintiff was entitled to judgment; that defendant McKinnon could not dispute the title of his landlord as declared in the lease by the purchase of an outstanding title to a strand or fraction of the premises, and thereby retain possession; that, having gone into possession under the lease with full knowledge of the situation, he must first surrender possession before he could assert a right to possession through his purchase. The case went to the court of appeals, and the opinion of Mr. Justice Landon was there adopted (165 N. Y. 612, 59 N. E. 1132), and became the law of this case so far as the material facts on this second trial are the same as on the first trial. There seems to have been no effort made by defendant to change the facts, but on the second

trial there was introduced by defendant evidence of three judgments in justice court rendered in 1888 and 1889, in which Prentice W. Willis, as surviving partner of Travis & Willis, was plaintiff, and Frank H. McKinnon was defendant; and also a sheriff's deed, made in 1889, on a sale under execution against Prentice W. Willis and another, of his interest in the leased premises. The justice court judgments were not pleaded in bar in this action, but were introduced in evidence as proof of pertinent facts. Krekeler v. Ritter, 62 N. Y. 372. The judgments, not being pleaded in bar, are not res adjudicata upon all questions litigated or which might have been litigated, but only conclusive proof of matters actually litigated and actually determined. Just what was determined by the justice in either case it is impossible to say. One case was an action for rent. There was a denial of any rent due, and a plea of payment, as well as a denial of the relation of landlord and tenant. The justice found in favor of the defendant, but on what ground is not stated. The other two actions are summary proceedings to remove a tenant holding over. In both is a denial of holding over without the consent of the landlord, as well as a denial of the existence of the relation of landlord and tenant; and just what the justice, in finding for defendant, determined,—whether that the relation of landlord and tenant did not exist, or whether defendant was not holding over without his landlord's consent,—it is impossible to say. As to the judgment and sale under it, only the individual interest of Prentice W. Willis was sold, not any interest in the premises held as surviving partner. The interest so sold is now owned by the plaintiff. The possession of defendant under the lease has not been disturbed because of this sale, nor can he be called upon to attorn to a superior title because of this sale. His rights are no more affected than they were by sales under the mortgages. It is therefore apparent that the new evidence presents no material change in the facts presented by the record in the first trial.

The learned trial court found that the rental promised by the lease was $100 per year, and also found that the value of the use and occupation of the premises was $100 per year, but as a conclusion of law found that the plaintiff was entitled to recover as damages for the wrongful withholding the sum of $1,140. As no other damages were proven other than the rental value, we must conclude that damages were computed on a longer term than six years, and the limitation provided in section 1531 of the Code was ignored. We think this was error. The damages or rental value of the premises for six years next preceding the trial of the action is the proper term for the computation of damages. Six hundred dollars, therefore, with interest on the annual rental value, amounting to $90, and in all to $690, is the amount of damages recoverable, and the judgment should be modified accordingly. While the Code provision is not altogether explicit as to when the six-year term is to begin or end, the question seems to have been settled by several court decisions. Budd v. Walker, 9 Barb. 493; Grout v. Cooper, 9 Hun, 326; Gas-Light Co. v. Rome, W. & O. R. Co., 51 Hun, 119, 5 N. Y. Supp. 459; Chace v. Lamphere, 67 Hun, 599, 22 N. Y. Supp. 404.

The contention of the appellant that he should be allowed for repairs made in 1899 on the building, amounting to $125, cannot be sustained. It was said in Wood v. Wood, 83 N. Y. 581, of a like claim, that the claimant "must be a bona fide occupant. If he has acted with knowledge of the owner's rights, he may not be allowed them at all." And, even if the repairs could be regarded as improvements, I think this case calls for the application of the rule stated in Wood v. Wood, supra.

The judgment, as modified, should be affirmed, with costs.

CHASE, J. I concur with Justice KELLOGG except as to the amount of damages for withholding the property. In an action to recover the possession of real property the plaintiff may recover damages for withholding the property, including the rents and profits, or the value of the use and occupation of the property. Code Civ. Proc. §§ 1496, 1497. These sections include the damages arising from the defendant's continuing to withhold the real property after the bringing of the action. Clason v. Baldwin, 129 N. Y. 183, 29 N. E. 226; Danziger v. Boyd, 120 N. Y. 628, 24 N. E. 482. All the recoverable damages are now incidental to the establishment of the plaintiff's title to the property. Clason v. Baldwin, supra. The "term not exceeding six years," mentioned in section 1531 of the Code of Civil Procedure, in my opinion refers to the six years immediately prior to the commencement of the action. Under the old practice it was six years from the filing of the suggestion for mesne profits. The opinion of Justice KELLOGG herein limits the recovery of damages to the six years next preceding the trial of the action. His allowance of interest thereon from the commencement of the action is inconsistent with his determination of the time for which damages are recoverable. In Chace v. Lamphere, 67 Hun, 599, 22 N. Y. Supp. 404, plaintiff was permitted to recover damages for six years immediately prior to the commencement of the action, together with interest thereon. This determination wholly ignores the right to recover damages during the pendency of the action as provided in said sections 1496, 1497. Prior to the adoption of the Code of Civil Procedure, the Revised Statutes (2 Rev. St. 311, § 50) provided that the plaintiff in an action of ejectment should not be entitled to recover the rents and profits of the land recovered in the action for a longer term than six years. The Revised Statutes (sections 44–50, inclusive) made provision for determining the damages for mesne profits, and expressly provided that, in place of the action of trespass following the judgment for possession according to the practice previously existing, the plaintiff seeking to recover such damages should, "within one year after the docketing of the judgment, make and file a suggestion of such claim." In Jackson v. Wood, 24 Wend. 443, a recovery for six years' mesne profits prior to the filing of the suggestion and for two years and seven months after the filing of the suggestion and before the report of the referees was upheld. In this case, referring to the limitation of time, the court say: "And, if we may refer to the reviser's notes, the section was made thus

explicit to avoid the necessity of pleading the statute." In Budd v. Walker, 9 Barb. 493, the court say:

"It is not denied that in the old action of trespass for mesne profits the recovery was limited to the six years next preceding the commencement of the action to recover them. * * * The object of all statutes of limitation is to prevent the setting up of stale and dormant claims. They are called 'statutes of repose.' They fix a period within which in point of time a claim or right must exist in order to be the subject of judicial cognizance, and that period, I think, must terminate at the time when the party asserting the claim commences legal proceedings with a view to enforce it."

It was held in that case that the six-years period for which recovery could be had was six years next before the filing of the suggestion for mesne profits. Damages for withholding the possession of real property being now recoverable in the action, I see no reason why the period of limitation should not date from the commencement of the action. Any other rule would result as in this case, where the plaintiff has been kept out of possession of his property for 13 years, in great wrong to the owner. I am in favor of the affirmance of the judgment without modification.

All concur, except KELLOGG, J., who votes for modification in accordance with his opinion.